## Durnall's Road.

The Act of 28th April 1857, changing the mode of proceeding in road cases, in Chester and Lancaster counties, applies as well to private as to public roads.

Under that act, the court may grant a review on account of objections to the damages.

CERTIORARI to the Quarter Sessions of *Chester county*.

On the 17th August 1857, Rebecca Durnall and Lewis Durnall presented a petition for the laying out of a private road from their plantation, in West Bradford township, to a public road located near by. The court, thereupon, appointed viewers under the Act of 28th April 1857 (*Brightly's Purd.* 1246), who returned that they had laid out a private road for the use of the petitioners, through the improved land of Hannah Darlington; and assessed her damages at $15.

On the 2d November 1857, Hannah Darlington petitioned for a review, which was granted; and reviewers were appointed who reported in favour of the road as laid out by the first jury, and assessed the damages at $120.

Exceptions were filed to this report, which, on hearing, were dismissed by the court below; whereupon the petitioners, on the 12th March 1858, presented their petition, praying for a re-review, on the ground that the damages were excessive.

The court below granted a re-review; and two of the jurors appointed reported the same road, and assessed the damages sustained by Hannah Darlington at $15. To this report, exceptions were filed by Hannah Darlington, which were dismissed by the court, and the report confirmed. The proceedings were then removed to this court, and it was here assigned for error: 1. That the Act of 1857 had no application to private roads. 2. That the court below erred, in granting a re-review on objections to the amount of damages awarded.

*J. J. Lewis*, for Hannah Darlington.

[Durnall's Road.]

*W. B. Waddell*, for Rebecca and Lewis Durnall.

The opinion of the court was delivered by

LOWRIE, C. J.—The general road law has one form of proceeding for public and for private roads, and when it was altered for Chester and Lancaster counties, by the special law of 28th April 1857, the same alteration, as it seems to us, was made for both kinds of roads.

This special law does not change the general law, except so far as it is inconsistent with it, and so far as change becomes necessary in order to adapt the new to the old, of which it is made a part. This adaptation is a very simple process, so far as is necessary for the present case; for the principal alteration, apart from the substitution of three for six viewers, is that which requires that the viewers for the road shall also report the damages which the opening of it will occasion.

Hence it arises very naturally that objections, either to the road itself, or to the damages found, may be a ground of review or re-review. It appears to us, therefore, that it was not improper in the court to grant a view under the Act of 1857 for a private road, and reviews on account of objections to the damages.

Order affirmed at the costs of the plaintiff in error, and record remitted.