## Weaver's Road.

*Estoppel by record.—Proceeding for land damages, a waiver of all objections.—Regularity in proceeding for opening private road.*

1. After a private road had been laid out and opened, and the party through whose lands it ran, had proceeded by petition to recover damages therefor, *held*, that he could not, after an adverse award of the viewers, reverse the order of confirmation for any defects therein.

2. Hence, where a landowner sued out a *certiorari* to reverse the confirmation of a private road laid out through his land, it was *held* a good plea in bar that he had, after the road was ordered, instituted proceedings to recover damages, and that no damages were allowed him by the viewers whose report had been finally confirmed.

3. It is not a fatal error to the proceedings that the order of confirmation does not fix the width of the road, for that can be afterwards supplied.

CERTIORARI to the Quarter Sessions of *Huntingdon county*.

This writ issued at the instance of John Barkstresser, through whose land a private road was laid out on the application of Jacob Weaver.

The facts of the case are fully set forth in the opinion of this court.

*R. Bruce Petrikin*, for plaintiff in error.

The counsel for the defendant in error submitted no printed argument.

The opinion of the court was delivered, July 1st 1863, by

LOWRIE, C. J.—Pursuing the usual remedy, this private road was laid out and confirmed by the court, and actually opened, and now the plaintiff in error, through whose ground it passes, brings this *certiorari* to reverse the order of confirmation, and assigns for error that, in the petition, an intermediate point between the termini is designated, and that in the order no width is fixed, &c. In bar of these errors, Mr. Weaver pleads that, after the road was ordered, the plaintiff in error duly proceeded by petition to recover the damages caused to him by the making of the said road, and that no damages were allowed him by the viewers, whose report has been finally confirmed by the court. This is admitted, and demurred to as no bar.

This is the only proper way of bringing such a defence before this court, because it appears by a different record from that which is brought up by the *certiorari*, and that record cannot regularly be noticed unless brought before us by plea.

Certainly this fact does constitute a bar to this writ, for the two remedies are entirely inconsistent: the first suing for the damages caused by a proceeding, and the second to reverse that same proceeding. To allow this would be equivalent to allowing

[Weaver's Road.]

two recoveries for the same cause. The plaintiff in error founded a remedy of his own in the order for the road, and cannot now reverse it: 17 S. & R. 365. He has himself affirmed the order just as much as if he had released his damages or been paid them, or had suffered the Statute of Limitations to run against his writ of *certiorari*. The omission to fix the width of the road can easily be supplied by the actual width as opened, or by the customary width of private roads thus opened, or in some other way, unless the parties desire to be litigious, which we do not presume. The fact pleaded and admitted estops the plaintiff of his *certiorari*.

Order affirmed, and record remitted, with costs.