## OPENING OF C. STREET, VERONA BOROUGH.

CERTIORARI TO THE COURT OF QUARTER SESSIONS OF ALLE-
GHENY COUNTY.

Argued October 25, 1887—Decided January 3, 1888.

1. Under the acts of May 10, 1871, P. L. 705, and April 8, 1848, P. L. 415,
incorporating Verona borough, proceedings for the ascertainment of
damages upon the opening of streets are to be as under the general
road laws of the commonwealth. A street was opened by a borough
ordinance, and, on petition of a landowner to the Court of Quarter Ses-
sions, a report of viewers was had awarding damages to the petitioner;
*Held*, that the court has jurisdiction to order a review.
2. Newville Road, 8 W. 172; Durnall's Road, 32 Pa. 383, and Chartiers
Road, 34 Pa. 413, discussed.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and
WILLIAMS, JJ.; TRUNKEY and CLARK, JJ., absent.

No 57 October Term 1887, Sup. Ct.; court below, No. 60
March Term 1885, Q. S. Misc.

On June 30, 1885, the petition of A. M. Graver, G. P.
Graver and others, was presented, showing that Michael
Graver died on May 23, 1885, seized of a parcel of ground in
the borough of Verona and that the petitioners were his
widow and heirs : that by an ordinance of said borough, passed
January 19, 1885, it was enacted that that part of C. street
lying between Railroad avenue and Sixth street be taken for a
public highway, that the same was thereby declared to be a
public highway, and that the portion of C. street so directed
to be opened was located upon said parcel of land and peti-
tioners would suffer damage, etc. ; that the borough of Verona
was incorporated by the act of May 10, 1871, P. L. 705, and
that by § 3 of said act, the act of April 8, 1848, P. L. 415, in-
corporating the borough of Birmingham and its supplements
were extended to the borough of Verona, praying for the ap-
pointment of viewers to assess damages. Upon this petition
the court appointed three viewers for the object stated.

On September 12, 1885 (the order having been renewed at

June term), the report of the viewers was presented, approved nisi and ordered to be filed. On November 25, J. P. Speer filed exceptions to said report: (1) That the court had no jurisdiction to appoint the viewers; (2) that the report was informal, defective and not in accordance with the statute; (3) that it was inequitable and unjust, because the damages, $1,500, awarded to the petitioners, and the benefits, $500, assessed against the exceptant, who was the only property owner against whom benefits were assessed, were grossly excessive. On December 5th, exceptions were filed by the borough of Verona, also, alleging the same grounds set forth in J. P. Speer's exceptions, omitting that relating to benefits assessed.

On January 23, 1886, J. P. Speer filed a petition for a review, setting out the same grounds in substance as in his said exceptions, and eo die a review was ordered and reviewers appointed. To this order for review, exceptions were filed by G. P. Graver et al., original petitioners: (1) That J. P. Speer had elected to proceed by his exceptions filed which remained undetermined; (2) that under the charter and laws applicable, the exceptant was not entitled to a review. Like exceptions were filed by the borough of Verona.

On March 4, 1886, a report of the reviewers was presented, filed, and on exceptions thereto, on August 4th, the matter was referred back to the reviewers to proceed anew and to report to September sessions. On September 10th, the second report of the reviewers, awarding to the petitioners for damages $1,000, was filed and approved nisi. On December 3d, G. P. Graver et al., the petitioners for damages, excepted to this report of the reviewers on the grounds: (1) that by the act of April 21, 1873, P. L. 824, damages assessed for the opening of streets in Verona, laid out under the general plan or by ordinance, shall be paid within one year from the filing of the report of the viewers appointed to assess said damages; that C. street is a street on the general plan, and the viewers' report of the damages sustained by the petitioners was filed September 12, 1885; (2) that under the charter of said borough there can be no review of damages assessed by the viewers; (3) that all said viewers were not freeholders as required by law; (4) that the amount of damages awarded to the petitioners by the report of the reviewers was grossly inad-

Arguments.

equate; (5) that the petitioner for the review was bound by his election to proceed by his exceptions filed to the report of the viewers. On February 10, 1887, said exceptions having been argued, the report of the reviewers was confirmed absolutely, the costs of review and all proceedings subsequent thereto to be paid by J. P. Speer, the petitioner for the review. Thereupon G. P. Graver et al., petitioners for damages, took this writ assigning that the court erred:

1. In not confirming the report of the viewers.

2. In granting the review pending the exceptions filed to the report of the viewers.

3. In granting the review after the time limited by law.

4. In granting the review for the re-assessment of damages, and in confirming the report of the reviewers.

*Mr Edwin W. Smith* (with him *Mr. George P. Graver*), for the plaintiff in error:

1. It was claimed below that the proceedings should have been under a supplement to the general borough law approved April 22, 1856, P. L. 525. But this supplement is not part of the "general road law" and points out merely how the burgess and council may have the damages assessed. The act of April 21, 1873, P. L. 824, relating to the opening of streets in the borough of Verona, clearly contemplates a proceeding instituted by the landowner.

2. The said act of 1856, does not repeal or disturb the act of April 8, 1848, P. L. 415; Dyer v. Covington Township, 28 Pa. 186; Commonwealth v. Railway Co., 98 Pa. 127; Bank v. Commonwealth, 10 Pa. 448; Barber's Case, 86 Pa. 392; Egypt Street, 2 Gr. 455. By the act of 1848, unless the application of the owner is made at the next term of the Quarter Sessions, he is conclusively presumed to have waived his rights to damages: Pittsburgh v. Scott, 1 Pa. 309. It was irregular to grant a review pending the exceptions to the report of the viewers: Hellertown Road, 5 W. & S. 202.

3. It has been repeatedly held that where viewers merely act as assessors of damages, there can be no review granted: Newville Road, 8 W. 172; Bensalem Tp. Road, 38 Pa. 371; Durnall's Road, 32 Pa. 383; Lewistown Road, 84 Pa. 410.

*Mr. William R. Blair*, for the defendant in error:

1. That the remedy of a party dissatisfied with an assessment of damages is an application for a review is well settled: Durnall's Road, 32 Pa. 383; Chartiers Road, 34 Pa. 413; Bensalem Road, 38 Pa. 368; Plum Tp. Road, 2 Pittsb. 184. Under the incorporating acts of 1871 and 1848, the same proceedings in every respect shall be had for the view, appraisement of damages, the report thereof and confirmation of the same, as are directed by the provisions of the general road laws of this commonwealth. Section 25 of the general road law, act of June 13, 1836, P. L. 559, amended as to Allegheny county and some others by the act of February 24, 1845, P. L. 52, provides that in all cases of views for any purpose mentioned in the act, the courts shall on petition of any person interested direct a second view or review for the same purpose.

2. Exceptions are the proper remedy for one kind of defects, irregularities, informalities, etc.; while the petition for review applies to another and different kind of errors, an inadequate or unjust award. Both may be pursued at the same time. Moreover, the application for the review was at the next term of the Quarter Sessions. Though not within the first week, the court had power to suspend its rule pro hac vice.

OPINION, MR. JUSTICE WILLIAMS:

This case depends on the power of the Court of Quarter Sessions to direct a review for the assessment of damages in the borough of Verona. The incorporation of this borough was not effected under the general borough law, but by a special act of assembly passed in 1871, which provided that the act of incorporation for the borough of Birmingham in the county of Allegheny, and its various supplements, should so far as applicable be extended to the borough of Verona. Birmingham was incorporated several years prior to the general borough law of 1834, and by a supplement to the act of incorporation passed April 8, 1848, it was provided that "the same proceedings in every respect shall be had for the view and appraisement of damages, the report thereof and confirmation of the same, as are directed by the general road laws of this commonwealth." In 1871, when the borough of Verona was created, the directions of the general road laws in force in Bir-

mingham became the law in Verona as to the proceedings for the view and appraisement of damages upon the opening of streets therein. What then is the rule, under the general road laws, upon this subject?

Section 25, of the act of 1836, provides that "in all cases of views for any purpose mentioned in this act, the respective courts shall, on petition of any person interested, direct a second view or review for the same purpose; provided that application therefor be made at or before the next term of the court after the report upon the first view." The assessment of damages sustained by the owners of lands over which a road was laid was one of the purposes mentioned in the act for which viewers were to be appointed, and the phraseology employed, viz.: "in all cases of views for any purpose mentioned in this act," is as comprehensive as any that could have been employed. It was held, however, in the Newville Road Case, 8 W. 172, that this provision did not authorize the appointment of a review to assess damages. The reasons given for this conclusion rest, in part, on the supposed inconvenience to result from the appointment of reviewers for this purpose; and, in part, upon the fact that the act of 1836 provides for the ascertainment of damages by a separate set of viewers and does not in that immediate connection provide for a review. This latter circumstance seems to have had great weight in the determination of that case. In more recent cases a different rule has been held whenever the act of assembly under consideration gave the assessment of damages and the location of the road to the same view. In Durnall's Road, 32 Pa. 383, the local law for Chester and Lancaster counties provided that the viewers who located the road should assess the damages, and this court held that a review upon the subject of damages was regular. LOWRIE, C. J., who delivered the opinion of the court, said: "Objections either to the road itself or to the damages found may be a ground of review or re-review." The same rule was held in Road in Chartiers Township, 34 Pa. 413, in which Durnall's Road was cited and approved. If then the Newville Road case was authority for the proposition that a review could not be granted where the assessment was committed to a distinct view, the cases in 32 and 34 Pa. are authority for holding that a review is regular when the same view is charged with both duties.

By the act of May 14, 1874, P. L. 164, the general road laws were changed in this particular, and since that date the viewers appointed to lay out the road are required to assess the damages and their report covers both subjects. The statutory provision under which Durnall's Road was decided is now part of the general road laws of the commonwealth and therefore the law of Verona borough. The only ground for a distinction lies in this, that, in boroughs, streets are laid out by the action of the town council and are under the general road law only for the assessment of damages. But there can be no doubt that the petitioners in this case would be entitled to a review if the road were in a township, by reason of the change in the general road laws referred to. What is there to justify the denial to a citizen of a borough of the right to a review which his neighbor living over the borough line would be clearly entitled to, while the damages in both cases are assessed under the general road laws? We are unable to see any good reason for such a holding and accordingly hold the rule to be that assessments of damages made under the general road laws are subject to review in the same manner and to the same extent in boroughs where the general road laws prevail, as in townships.

The order of the court below is therefore affirmed.