In re: Private Road in West Providence Twp. Over Lands of Smith et al.

Argued October 27, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*B. F. Madore,* and with him *Robert Madore,* for appellants.

*Harry C. James,* for appellee.

Opinion by Whitmore, J., December 12, 1930:

Charles Stayer presented a petition to the court of quarter sessions of Bedford County for the appointment of viewers to lay out a private road from his lands over lands of Crummell C. Smith to the public road leading from Chaneysville to Everett in West Providence Township. Viewers were appointed and their appointment continued from time to time and after holding the view they filed a report on September 3, 1928, but this report was never confirmed absolutely. Subsequent to the view Anthony S. Smith and Maria K. Smith, the appellants, became the owners of the Crummell C. Smith property, over which the private road had been laid out, and were awarded

$100 damages. Exceptions to the report of viewers were filed by the appellants on November 12, 1928 and on the same day the appellants presented their petition to the court for a review. The exceptions filed to the first report of viewers did not challenge the form of the original petition nor the jurisidiction of the court, but dealt with certain alleged actions on the part of the viewers. Reviewers were appointed at the request of the appellants and, after viewing the premises, filed their report on April 15, 1929, in which they laid out a private road over the lands of the appellants "beginning at a point 10 feet south of the southeast corner of the lands of Charles Stayer along the land line of Charles Stayer, John Bussard and Anthony S. Smith and Maria K. Smith, thence south 63° 45′ east, 108.4 feet to a point in the public road leading from Everett to Chaneysville." The reviewers fixed appellants' damages at $50. Exceptions were filed to the report of reviewers and the court below overruled the exceptions and confirmed the report absolutely.

The petition for review states "that a road can be laid out along the line of the land of John Bussard from the corner of the lands of Charles Stayer at the point where the proposed road leaves the land of said Charles Stayer to the Black Valley road aforesaid, without committing any serious damage to the lands of petitioners and at a very small difference in the cost of construction and without depriving the petitioners of the water in the stream now running through said field," and thus indicated the route over which the appellants desired the private road to pass.

The exceptions filed by the appellants to the report of reviewers assails their own petition and the report of reviewers as being irregular in form and fatally defective because they limited or restricted the viewers

by describing the line of the road and named the direct route over which the private road should be located. The appellants also included in their exceptions reference to the original petition and appointment of viewers thereon. Any irregularities in the original petition and report of viewers need not be considered by this court.

The assignments of error deal with the alleged irregularity in both petitions and the reports filed thereon and the action of the court in dismissing the exceptions and confirming the review report absolutely.

As held by the learned court below, the appellants, having affirmed the regularity of the proceedings *ab initio* by petition for review, are not in position to question the validity or irregularity of their petition and the report of viewers thereon. Their action in requesting a review would estop them from now attempting to take advantage of any irregularity in the proceedings, if the same actually existed.

It is apparent from the record that the appellants, not being satisfied with the location of the road on the original view and the amount of damages awarded, presented their petition for review for the purpose of changing the location of the private road and/or obtaining a larger amount of damages.

In Cornplanter Township Road (No. 1), 26 Pa. Superior Ct. 20, this court held: "On appeals in road proceedings the appellate court will not suffer the merits of the case to be entered into, nor reverse the order of the quarter sessions, unless for some irregularity apparent on the record, or because the court below has exceeded its jurisdiction, or has erred in its judgment in point of law." We find nothing in this case that would come under the exceptions in the foregoing case.

If the original petition and report of viewers were irregular in any way, then the appellants had their remedy by proceedings to set aside the same instead of filing exceptions which did not cover any of the necessary facts that would have justified the court in dismissing the petition or setting aside the report.

The order of the court below directed the reviewers "to lay out the same, having respect to the shortest distance and the best ground for said road, and in such manner as shall do the least injury to private property," and it will be presumed that the viewers observed the order of the court, performed their duty, and that all things were rightly done unless the contrary be shown. See Road in South Abington Township, 109 Pa. 118; Melon Street, 182 Pa. 397.

In this case the report of reviewers states that "after hearing statements of all interested parties who chose to attend concerning the above stated matter we, the said reviewers, unanimously concluded after viewing the said premises that a private road over said premises was necessary and should be granted so that Charles Stayer may travel from his plantation or farm to the public road over the lands of the said Anthony S. Smith and Maria K. Smith and we have laid out a private road over said lands as follows (giving description), that the above road was laid out by the reviewers along the shortest route and the most practical location in the judgment of the viewers and said private road is laid out to a width of 20 feet." The report concludes by fixing the damages to the appellants in this case in the sum of $50. This report conclusively shows that the reviewers did their full duty in the premises even though they did not follow the route proposed in the petition for review by the appellants. The appellants are bound by the allegations set forth in their petition to review, the report

of viewers is sufficient in law and the court below properly dismissed the exceptions and confirmed the report absolutely.

The decree of the court below is affirmed and the appeal dismissed at the cost of the appellants.