Marinclin Appeal.

Argued November 12, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Leonard M. Mendelson,* with him *Edward C. Leckey,* for appellants.

*Ralph S. Sapp,* with him *Alvin J. Porsche,* for appellee.

OPINION BY MONTGOMERY, J., December 16, 1964:

This appeal by John Marinclin and Goldie Marinclin, his wife, is from an order confirming the report of a board of viewers, which established a fourteen-foot private road across appellants' property to give to petitioner Mae G. Urling access to a public road from her adjoining property. The proceeding was based on the Act of June 13, 1836, P. L. 551, §11, as amended, 36 P.S. §2731.

Appellants first question the sufficiency of the preliminary order appointing the board of viewers because it did not specifically direct that board to make a finding of necessity. Section 11 of said Act of 1836, as amended, provides that the Court of Quarter Sessions shall "direct a view to be had of the place where such road is requested, and a report thereof to be made, in the same manner as is directed by the said act of thirteenth June, one thousand eight hundred and thirty-six." Sections 2 and 3 of said act enumerate the duties of the board of viewers as follows: "2. The persons appointed as aforesaid, shall view such ground, and if they shall agree that there is occasion for a road, they shall proceed to lay out the same, having respect to the shortest distance, and the best ground for a road, and in such manner as shall do the least injury to private property, and also be, as far as practicable, agreeable to the desire of the petitioners. 3. The viewers as aforesaid, shall make report at the next term of the said court, and in the said report shall state particularly: first, who of them were present at the view; second, whether they were

severally sworn or affirmed; third, *whether the road desired be necessary* for a public or private road; they shall also annex and return to the court a plot or draft thereof, stating the courses and distances, and noting briefly the improvements through which it may pass, and whenever practicable, the viewers shall lay out the said roads at an elevation not exceeding five degrees, except at the crossing of ravines and streams, where by moderate filling and bridging, the declination of the road may be preserved within that limit." (Emphasis supplied) Thus, the duty to find whether the desired road is necessary is imposed on the board by the statute. Since it follows that to impose that duty on the board by court order would be unnecessary, we find appellants' first contention to be without merit.

Appellants next question the right of a person to use the act aforesaid if they have acquired their land with knowledge of the fact that it is "landlocked," without access to a public road. We have failed to find in the road acts any indication of legislative intention to distinguish between persons who acquire land with knowledge and persons who acquire land without knowledge of its landlocked condition. That land is landlocked would come to the attention of all purchasers by an inspection of the property or by an examination of the public records. If appellants' contention were tenable, it would mean that only those property owners whose access to a public road was shut off either by a sale of part of their property or by some public improvement, the latter of which occurred in the present case, should have the benefit of the acts. The statutes do not indicate that limited construction. The rights of the individual involved in these proceedings are not the exclusive consideration. "On the contrary, it is the connection of these private ways with public highways, or with places of

necessary public resort, together with the implied right or license of the public to use them, at least in going to and from the premises of the person laying them out, quite as much, if not more, as the consideration of purely individual rights, that have won for these acts judicial recognition of constitutionality." *Waddell's Appeal,* 84 Pa. 90, 93-94 (1877). A similar objection was considered by this Court in *Stewart's Private Road,* 38 Pa. Superior Ct. 339 (1909). Therein, a field was purchased with knowledge that its access to a public road was limited by a right of way granted in the deed. Nevertheless, the purchaser was permitted to utilize the Act of June 13, 1836, aforesaid, and the Act of April 4, 1901, P. L. 65, No. 32, §1, amending it, to secure a private road.

Appellants' third and fourth objections may be considered together since they each assert a right to a jury trial to determine (a) damages and (b) necessity. Insofar as damages are concerned, appellants have filed an appeal in the Court of Common Pleas of Allegheny County at No. 3408 July Term, 1963. No right of appeal is to be found in the Act of June 13, 1836. It provides in §16, 36 P.S. §2736, "The damages sustained by the owners of the land through which any private road may pass shall be estimated in the manner provided in the case of a public road, and shall be paid by the persons, . . . at whose request the road was granted or laid out: Provided, That no such road shall be opened before the damages shall be fully paid." In *Durnall's Road,* 32 Pa. 383 (1859), this section was interpreted to mean the law as to procedure in the case of public roads as it existed at the time of the proceeding and not as it existed under the Act of June 13, 1836; the damages were reviewed in that case under a certiorari to the Quarter Sessions Court, to which the petition for a private road had been presented. Thereafter, in

1874[1] and in 1891[2] the Legislature provided for appeals to the common pleas courts, with provisions for a jury trial, "Whenever any report of viewers, appointed by any court of quarter sessions to assess damages for the opening, widening or change of grade for any street, road or highway, shall be confirmed by the court of quarter sessions. . . ." In *Vernon Park, Philadelphia's Appeal,* 163 Pa. 70, 29 A. 972 (1894), this act was construed to apply whenever a statute provided that the procedure used in street cases should be used in other similar proceedings. It was a quarter sessions court proceeding to establish a park in that case. We believe the same construction should be adopted in the present case of a private road. Such an appeal is not an exclusive remedy but is concurrent with appellants' right to file exceptions to the quarter sessions court proceeding. *Bowers v. Braddock Borough,* 172 Pa. 596, 33 A. 759 (1896). The present Borough Code in its provision relating to the opening of streets provides a similar procedure, which includes the right of appeal and trial by jury, although it transfers the proceedings to the courts of common pleas. Act of May 4, 1927, P. L. 519, Art. XV, §1503, as amended, 53 P.S. §46503.

The right to a jury trial to determine the necessity for a private road is not given by the statutes. We note that appellants did not assert that right until the reargument of their exceptions to the report of the viewers. In *Little Appeal,* 180 Pa. Superior Ct. 555, 558, 119 A. 2d 587, 589 (1956), we said, "The Act provides for this Board to determine the necessity of the road, Sections 2, 11, 12 of the Act, 36 P.S. §1785, 2731, 2732, and ordinarily this is a factual matter to be determined by actually viewing the premises and if necessary, by holding hearings." We said

---

[1] Act of June 13, 1874, P. L. 283, §1, 26 P.S. §61.

[2] Act of May 26, 1891, P. L. 116, No. 102, §1, 53 P.S. §1679.

also, "Appellate review of these matters is solely to ascertain the validity of the court's jurisdiction, the regularity of the proceedings, questions of law, and whether there has been an abuse of discretion. We cannot look beyond the record (the record here contains no testimony) or consider questions of fact." Viewers appointed by the court under the road laws constitute an independent tribunal set up by the law. Although their findings are subject to review and may be set aside, their authority should not be infringed on by the substitution of the judgment of the court for that of the viewers. The review by the court is limited to confirmation of the report of the viewers or rejection of it and the direction of a review. *Cornplanter Township Road (No. 1)*, 26 Pa. Superior Ct. 20 (1904) ; *In re: Private Road in W. Providence*, 101 Pa. Superior Ct. 9 (1930). The lower court dismissed the exceptions to the report and confirmed it. We conclude that there was no error in its action. The proceedings were regular and there was no abuse of discretion apparent.

Appellants do not allege violation of any constitutional rights. Article 1, §6, of the Pennsylvania Constitution of 1874 provides, "Trial by jury shall be as heretofore, and the right thereof remain inviolate"; but appellants do not attempt to show the existence of such right prior to the adoption of the Constitution. Article 16, §8, providing for a jury trial "on the demand of either party" in the determination of damages in cases of condemnation of private property was not violated, as previously discussed herein.

Appellants' last objection relates to the court's failure to determine the question of necessity. This has been discussed in the previous paragraphs. It was for the board to determine that fact.

We find no merit in this appeal. The order of the lower court is affirmed.