Anthony Mattei and Clara T. Mattei, Appellants
*v.* Peter Huray and Mary Huray, Appellees.

Argued September 12, 1980, before Judges Wilkinson, Jr., Rogers and MacPhail, sitting as a panel of three.

*Scott A. Williams,* for appellants.

*Kenneth B. Lee, Lee & Simpson,* for appellees.

Opinion by Judge MacPhail, November 17, 1980:

On August 27, 1979, the Court of Common Pleas of Sullivan County entered an order which confirmed the report of a Board of View recommending that Peter Huray and Mary Huray (Hurays) be granted the right to open a private road over property owned by Anthony Mattei and Clara Mattei (Matteis). The Matteis have filed this appeal from the lower court order. We affirm.

The Hurays filed a Petition on July 6, 1978 to appoint viewers and lay out a private road pursuant to Section 11 of the Act of June 13, 1836 (Act), P.L. 551, *as amended,* 36 P.S. §2731. A Board of View (Board) was duly appointed and, after a hearing and view of the site, filed a report on October 31, 1978.

The record shows that the Hurays own a piece of land that has no direct access to a public road. They

propose to build a private road across the Mattei property to a state highway. The road would be approximately 190 feet long. The Board of View found, inter alia, that the Hurays do have a right-of-way from their property to a public road, but that this right-of-way is not feasible for a private road because the topography would make construction of a road extremely expensive and inclement weather would close the road for a portion of each year. The Board concluded that the proposed road over the Mattei property is necessary and awarded damages to the Matteis in the amount of $1000.

The Matteis filed an appeal from the Board's report to the lower court demanding a jury trial and specifically objecting to the Board's failure to find available access either across lands of the Hurays or lands of persons other than the Matteis. The Hurays moved to quash the appeal. The trial court denied the motion but ordered an evidentiary hearing and oral argument on the specific objections filed by the Matteis. Following the hearing, the lower court entered an order confirming the Board's report and granting a jury trial solely on the issue of damages.[1] The Matteis have filed this appeal from that order.

The Matteis contend that the lower court erred (1) in failing to grant a trial de novo on the issue of necessity for the proposed private road and (2) in considering the report of the Board rather than making an independent determination of necessity. Further, the Matteis contend that necessity for the proposed road has not been established by the Hurays.

---

[1] The appeal filed by the Matteis to the lower court did not specifically object to the award of damages. The parties have agreed, however, that the right to a jury trial on damages has not been waived. We do not reach this issue since it has not been raised by the parties and will affirm the order granting a trial by jury.

The Matteis base their claim to a trial de novo on their objections to the Board's report on Section 517 of the Eminent Domain Code (Code),[2] which they contend applies in the instant case. The trial court held that Section 517 of the Code did apply, but that the provisions of that section limited the right to trial by jury to the issue of damages and required the court to dispose of the specific objections preliminarily.

Although the proceedings to take land for a private road are clearly in the nature of eminent domain, *Little Appeal*, 180 Pa. Superior Ct. 555, 119 A.2d 587 (1956), the Legislature has provided a statute governing public and private roads that is wholly independent of the Eminent Domain Code.[3] Section 11 of the Act provides that proceedings to open a private road shall be conducted in the same manner as proceedings to open a public road.[4] Section 12 of the Act, 36 P.S. §2732, provides that if the report *of the viewers* is that

[2] Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-517 which provides:

All objections, other than to the amount of the award, raised by the appeal shall be determined by the court preliminarily. The court may confirm, modify, change the report or refer it back to the same or other viewers. A decree confirming, modifying or changing the report shall constitute a final order.

The amount of damages shall be determined by the court unless a jury trial has been demanded.

At the trial of the case, the condemnee shall be the plaintiff and the condemnor shall be the defendant.

[3] "There are also a number of statutes requiring the viewers to make findings as to the necessity of a private road or the location of utility lines, etc. (Finding as to necessity of private roads, see Act of 1836, June 13, P.L. 551 §12 (36 P.S. §2732)). These statutes are not repealed or affected by this act." Comment to Section 511 of the Eminent Domain Code, 26 P.S. §1-511—Joint State Government Commission 1964 Report.

[4] Section 11 provides, in pertinent part, as follows:

The several courts of quarter sessions shall . . . direct a view to be had of the place where such road is requested,

such road is *necessary*, the court merely sets the width thereof and thereafter the road shall be deemed to be a private road. The procedure to open a public road is also provided by the same Act, 36 P.S. §1781 et seq. Appeals from the *award of damages* by a board of view are provided by the Act of April 15, 1891, P.L. 17, 36 P.S. §2151, an amendment to the original Act.[5] Accordingly, we conclude that the provisions of the Code are not applicable to this case.

However, the trial court was correct when it held that the Matteis were not entitled to a jury trial on the issue of necessity. *Marinclin Appeal*, 204 Pa. Superior Ct. 552, 205 A.2d 885 (1964) held specifically that "[t]he right to a jury trial to determine the necessity for a private road is not given by the statutes." *Id*. at 557, 205 A.2d at 887.

Concerning the trial court's scope of review, the *Marinclin Appeal* and *Little Appeal, supra,* hold that

---

and a report thereof to be made, in the same manner as is directed by the said act of thirteenth June, one thousand eight hundred and thirty-six.
36 P.S. §2731.

[5] The Act of 1836 provided no right of appeal from the award of damages made by the board of view. The remedy of the landowner who felt insufficient damages had been awarded was to petition for review or re-review. *Chartiers Township Road*, 34 Pa. 413 (1859). The Legislature first provided a right of appeal from an award of damages by the Act of June 13, 1874, P.L. 283, which was applied to private road cases. The Act of 1874 became part of the Eminent Domain Code, 26 P.S. §61, repealed by Section 2(a)[649] of the Act of April 28, 1978, P.L. 202. Similar provisions are now found in Sections 5105(a)(1) and 5571(b) of the Judicial Code, 42 Pa. C. S. §5105(a)(1) and §5571(b). By the Act of April 15, 1891, P.L. 17, the Legislature made specific provision for appeals from the award of damages in public road cases. 36 P.S. §2151. That act is applicable in the instant case. Section 16 of the Act of June 13, 1836, P.L. 551, *as amended*, 36 P.S. §2736. None of the various statutes granting rights of appeal in this type of case ever granted trial by jury on any issue but damages.

the determination of necessity is a factual matter to be determined by the Board, not by the trial court whose review is limited to a confirmation or a rejection of the Board's report.

In the instant case, the Matteis really received more than the law authorized. Not only did the trial court review the Board's report but it also held an evidentiary hearing from which it concluded independently that the necessity issue had been properly resolved in favor of the Hurays.

Order affirmed.

ORDER

AND Now, this 17th day of November, 1980, the Order of the Court of Common Pleas of Sullivan County confirming the report of the Board of View and granting trial by jury on the issue of damages is affirmed.