## In Re: Private Road in Hamiltonban Township

*Henry O. Heiser, III*, for petitioners.
*Samuel E. Teeter*, for respondent.

SPICER, *P.J.*, March 16, 1983 — Petitioners are owners of land in Hamiltonban Township, Adams County, Pa. Respondent owns land lying between a public road and lands of petitioners. Access to petitioners' land has been maintained in the past over a private road traversing respondent's land. Access has also been provided via a private road (called Snyder Hollow Road) over lands of persons not a party to this action.

When respondent denied them the right to use the first mentioned road, petitioners sought to have a private road established under the Private Road Law, 36 P.S. §2731 et. seq. Respondent then challenged the constitutionality of the law. This court, by order and opinion of June 11, 1982, upheld the validity of the law and directed the board to proceed.

The board conducted a view January 12, 1982, held a hearing July 20, 1982, and filed its report January 6, 1983. In the report, the board found that Snyder Hollow Road provided a road from petitioners' lands to township road T-300. The board found that the road was an inconvenient means of access but that petitioners "are not presently denied access to their lands via Snyder Hollow Road and they have not previously been denied access to their lands via Snyder Hollow Road." The board did not find that petitioners had a legally enforceable right to use Snyder Hollow Road. It was undisputed that petitioners' lands were landlocked and that there were no easements or rights of way by express grant, implication, or necessity ascertainable from land records.

The board found:

E. There is not a present necessity to open a private road from petitioners' lands to Hamiltonban Township Road T-300.

Petitioners filed an appeal from the board's decision January 17, 1983. Respondent then moved to quash the appeal.

This court's scope of review is narrowly defined. . . . "Appellate review of these matters is solely to ascertain the validity of the court's jurisdiction, the regularity of the proceedings, questions of law, and whether there has been an abuse of discretion. We cannot look beyond the record (the record here contains no testimony) or consider questions of fact." Viewers appointed by the court under the road laws constitute an independent tribunal set up by the law. Although their findings are subject to review and may be set aside, their authority should not be infringed on by the substitution of the judgment of the court for that of the viewers. The review by the court is limited to confirmation of the report of the viewers or rejection of it and the direction of a review. Cornplanter Township Road (No. 1), 26 Pa. Super. 20 (1904); In re: Private Road in W. Providence, 101 Pa. Super. 9 _____ Atl. _____ (1930). Marinclin Appeal 204 Pa. Super. Ct. 552, 558, 205 A.2d 885, 887-888 (1964).

Petitioners asked this court to reverse the board's findings and remand for a determination of damages. It is obvious that this court has no authority to do that. Petitioners had discovered their error by the time of oral argument. They now ask that we regard their appeal and objections as exceptions of the board's findings.

Respondent urges us to quash the appeal.

He argues that once the board determines the issue of necessity a court has no power to disturb the finding. Respondent cites the law, 36 P.S. §2732, and language from such cases as the following:

Concerning the trial court's scope of review, the Marinclin Appeal and Little Appeal, supra, hold that the determination of necessity is a factual matter to be determined by the Board, not by the trial court whose review is limited to a confirmation or a rejection of the Board's report. Mattei v. Huray, 54 Pa. Commw. 561, 565-566, 422 A.2d 899, 901 (1980).

If we ignore legal issues, respondent is correct. If we could not determine that the board applied an incorrect standard, respondent would be correct. However, if it can be determined that the board applied a wrong legal standard or ignored the correct standard, the court can set the report aside. As has been said:

"It would be putting the administration of justice in shackles to hold that where on the face of the record, a conclusion reached was founded upon reasons indefensible in law, the court could not interfere and right matters." In Re: Public Road in Roaring Brook Township, 72 Pa. Super. 447, 450 (1919).

We deal with a full record case. A transcript of testimony was prepared and filed. The issue before us was already raised and decided by the board. That issue is whether the existence of a road over which there is no legal right of way can defeat a request for relief under the Private Road Law. Mr. Heiser, attorney for petitioners, presented his position that petitioners were entitled to relief in the absence of a legal right of way. Mr. Teeter, attorney for respondent, clearly stated that the board should ignore issues of legal access and determine necessity on the basis of then excisting facts. It is obvious that the board accepted Mr. Teeter's position.

Since the legal standard applied by the board is clearly ascertainable, we can rule on its propriety.

It is obvious there are differences in construction of "necessity."

What are "ways of necessity" within the meaning of such provisions depends upon the rule obtaining in the particular jurisdiction where condemnation is sought. It is sometimes held that there must be an absolute necessity and that the right to condemn does not exist if a man can get to his own property *through his own land,* however inconvenient the way to his own land may be. On the other hand, a more reasonable construction of the term "necessity" has been adopted in some jurisdictions, and it has been held that an owner is not to be deprived of the right to condemn a way of necessity merely because he owns other land accessible to a highway if connecting the two tracts to the road would be extremely inconvenient or impractical. (Emphasis added.) (Footnotes omitted.) 26 Am Jur 2d Eminent Domain §47 at 703.

Although not an issue in this case, it is obvious that Pennsylvania follows the reasonable rule. The rule is not an issue because Snyder Hollow Road is not on petitioners' land. While there are no holdings that being landlocked affords an absolute right to relief, there are indications that this is so:

While the act does not require an absolute necessity, such as being completely landlocked, the mere inconvenience in the use of an existing road is not enough. Pocopson Road, 16 Pa. 15, 17. Little Appeal, 180 Pa. Super. 555, 559, 119 A.2d 587, 589 (1956).

See also, In Re Private Road in Juniata Township, 61 D. & C. 418 (1948).

The Little case involved a landowner who had access over her own land to a public road. The landowner had future plans for developing a portion of the land. The existing access was of extremely

limited use and was not sufficient for the contemplated subdivision. She sought to establish a private road over lands of a neighbor. The court ruled that the necessity had to be existing and not a future possibility. However, the court was describing factual, as opposed to legal, necessity.

The general rule seems to be that lack of legal access constitutes present necessity.

Where there is in existence a practicable way to and from the land, whether public or private, a case of necessity, does not arise, even though such way may be less convenient or practicable than the one proposed. However, this rule necessarily implies that applicant's existing way must be one which is reasonably practicable and sufficient for that purpose. Thus, unless a person has a way either public or private which is unobstructed and unquestioned, he may institute proceedings under the statutes which, it has been said, do not contemplate that the owner who claims to have no way to his land should be compelled to institute suits to determine whether he has such a way before inviting the aid of the statutes. Accordingly, although there is authority to the contrary, it has been held that the mere premissive [sic] use of a private way over the lands of others does not affect applicant's right to a private road, unless he has acquired a legal and enforceable easement. Footnotes omitted 72 C.J.S. Private Roads §5 at 924.

We conclude that the general rule is the correct standard. It is obvious from the record that the board did not apply it.

Accordingly, the attached order will be entered.

## ORDER OF COURT

And now, this March 16, 1983, the report of the Board of View is set aside and the matter is remanded for review.