## In Re: Douts

*Karen L. Semmelman,* for petitioners.
*Richard P. Nuffort,* for respondent.

ECKMAN, *J.,* October 25, 1985—Presently before the court is the petition to confirm board of view decision and tender damages in condemnation proceeding filed by petitioners Charles E. Douts, Jr. and Catherine Anne Douts.

Petitioners are the current owners of a landlocked five acre tract of land located in Manor Township, Lancaster County and commonly known as River Hill Land. On June 26, 1980, petitioner Charles E. Douts, Jr., the equitable owner of the property, and J. Paul Witmer, the legal owner of the property, filed a petition for the appointment of viewers to lay out a

private road in Manor Township, Lancaster County, Pa. and assess the damages therefor. The petition requested a private road to run from a nearby street, Township Road no. 561, to River Hill Land. This court appointed a board of viewers (hereafter board) on July 1, 1980. An answer to the petition was filed on July 31, 1980 by Roger N. Therrien and Agathe F. Therrien (hereafter Therriens), who were the owners of the land to be affected by the private road. The board held a view of River Hill Land on August 5, 1980 and conducted hearings on August 7 and October 22, 1980. The report and award of viewers was filed by the board on November 24, 1980. The board concluded that the laying out of a private road from Township Road no. 561 to River Hill Land was necessary and recommended that a 15 foot wide private road be established over the land owned by the Therriens at a place where two other rights-of-way existed. The board awarded the Therriens the sum of $3000 in damages.

On July 27, 1981, the five acre parcel of land known as River Hill Land was transferred from J. Paul Witmer and Sarah L. Witmer to petitioners. On December 8, 1981, the property owned by Roger N. Therrien and Agathe F. Therrien was transferred to Gail A. Graver (hereafter Graver).

Petitioners filed this petition to confirm the board of view decision and tender damages in condemnation proceeding on January 29, 1985. Graver filed an answer in opposition thereto on February 5, 1985. Briefs having been submitted and oral argument before an en banc panel of this court having been heard, this matter is ready for disposition.

Petitioners request that the report and award of the board be confirmed so that they may tender the damages to the present property owner and open the private road as provided by the board. Petitioner

Charles E. Douts, Jr. also filed an affidavit of reasonable investigation on January 29, 1985 averring that he is unable to tender payment of the damages to the Therriens, the former owners of the tract of land subject to the private road, because their whereabouts are unknown. Petitioners assert that they are prepared to deliver the full amount of the damages to the current property owner, Graver.

Graver contends that the board's decision should be reversed because the damages awarded are inadequate, the road way is unnecessarily wide and the board failed to consider the issue of maintenance of a portion of the roadway to be used by both petitioners and Graver. The essence of Graver's opposition to confirmation of the board's report is the passage of time from the date of the board's report and award, November 24, 1980, until the present time when we are being asked to confirm the report.

The opening of a private road is governed by statute. See Act of June 13, 1836, P.L. 551, §11 (hereafter Act), as amended, 36 P.S. §2731 et seq. The provisions of this act provide for the appointment of a board of viewers to determine: (1) whether a private road is necessary under the circumstances; (2) where the private road will be located; and (3) the amount of damages to be paid to the owner of the land through which the road will pass. 36 P.S. §2732 and 2736. The law is well settled that the board of viewers appointed by the court constitutes an independent tribunal. In re Private Road in Monroeville Borough, Allegheny County (Marinclin Appeal), 204 Pa. Super. 552, 205 A.2d 895 (1964). The board's report is subject to review by the court and may be set aside, but the court may not substitute its judgment for that of the viewers. Id. The determination of the necessity of the private road is a factual matter to be determined by the viewers and

not by the trial court. Id; Mattei v. Huray, 54 Pa. Commw. 561, 422 A2d. 899 (1980). The court's review is limited to confirmation of the report or the rejection of it with directions. Marinclin Appeal, supra. A private road may not be opened before the damages are paid. 36 P.S. §2736. The road must be physically opened for the use of the petitioner within a period of five years or the land proposed to be taken will revert to the owner. 36 P.S. §2737 and 2738.

No reported case law has addressed the issue of whether a petitioner who delays requesting confirmation of a report by a board of viewers granting a private road is precluded from obtaining confirmation. No time limit on the power of this court to confirm or reject the board's report can be found in the act. We are persuaded by petitioners' argument that the five-year period in which the road may be opened found in §2737 of Title 36 also grants petitioners this same amount of time in which to tender damages to the owner of the property subject to the private road. Since the board's report was filed on November 24, 1980, petitioners' requests for confirmation of the report and for permission to tender damages have been timely filed.

Having found that the passage of time since the filing of the board's report is no bar to our authority to review the report, we now must determine whether the report should be confirmed. The record shows that petitioners own a piece of land that has no direct access to a public road. The board found that the evidence presented at the hearings established that the shortest distance and best topography for the road would be through the property then owned by the Therriens. The location of the road recommended by the board is at a place on the Therrien property where two other rights-of-way ex-

ist over the same private road and is situated so that only 130 feet of the proposed private road is not subject to use by the owners of the other two rights-of-way. After reviewing evidence presented by two real estate appraisers, the board accepted the evidence of the appraiser endorsed by the Therriens and awarded damages in the amount of $3000.

As noted earlier, our scope of review is limited since we may not substitute our judgment for that of the viewers. Marinclin Appeal, supra. We find no abuse of discretion by the board and conclude that the board's report and award must be confirmed.

Having so held, we need not address the other issues raised by Graver in her answer to this petition.

## ORDER

And now, October 25, 1985, the court grants the petition to confirm board of view decision and tender damages in condemnation proceeding filed by Charles E. Douts, Jr. and Catherine Anne Douts. The report and award of viewers filed on November 24, 1980 is confirmed. Charles E. Douts, Jr. and Catherine Anne Douts are directed to tender the award of damages to Gail A. Graver within 20 days of the date of this order.