526 A.2d 801

**Carrie E. BEERS, Appellee,**

**v.**

**Garry W. RAUB and R. Keith Raub, Appellants.**

Superior Court of Pennsylvania.

Argued Nov. 20, 1986.

Filed June 1, 1987.

---

522

Michael J. Daley, Harrisburg, for appellants.

Shaubut C. Walz, III, Public Defender, Newport, for appellee.

Before WIEAND, MONTEMURO and JOHNSON, JJ.

MONTEMURO, Judge:

Appellants, Garry W. Raub and R. Keith Raub, challenge an order of the Court of Common Pleas of Perry County. The order confirmed a viewers' report that recommended the opening of a private road across the Raubs' land. Because the trial court has yet to decide the issue of damages, we quash this appeal as interlocutory.[1]

---

[1] Although neither party has challenged the jurisdiction of this court, we raise the issue, as we must, *sua sponte.* *See Fried v. Fried,* 509 Pa. 89, 501 A.2d 211 (1985).

Appellee, Carrie E. Beers, instituted an action against the Raubs by petitioning the court pursuant to the Act of June 13, 1836, P.L. 551, § 11, 36 P.S. § 2731. Ms. Beers sought to open a road along the edge of a field owned by the Raubs. This road would connect Ms. Beers' allegedly landlocked property to the nearest accessible highway. The court granted the petition and appointed a board of view, which examined the property in question and held an evidentiary hearing. The viewers filed a report in which they recommended that the court open a road 20 feet wide and 693 feet long and that Ms. Beers pay the Raubs $1000 in damages for the taking of approximately one-third of an acre. The Raubs filed an "appeal" to the court of common pleas from this report. The "appeal" challenged the sufficiency of the damage award as well as the viewers' findings of fact and conclusions of law. By order filed May 19, 1986, the court confirmed the report and dismissed the Raubs' "exceptions." The court added, however, that the Raubs should list the case for trial within 30 days if they desired "a trial by jury on the issue of damages."[2] The Raubs filed a timely notice of appeal from the order and at the same time praeciped the prothonotary to list the case for a jury trial on the damages issue.

Our courts have consistently and for many years discouraged multiple appeals in a single case. The fair and efficient administration of justice cannot tolerate "piecemeal determinations and the consequent protraction of litigation." *Fried v. Fried*, 509 Pa. 89, 97, 501 A.2d 211, 215 (1985) (quoting *Sullivan v. Philadelphia*, 378 Pa. 648, 649, 107 A.2d 854, 855 (1954)). *See also Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978); *Praisner v. Stocker*, 313 Pa.Super. 332, 459 A.2d 1255 (1983). Piecemeal review delays the

**2.** In an accompanying memorandum opinion, the court observed that "the issue of damages survives and will be submitted to a jury upon a listing for trial. Since finality is desirable, said listing must take place within a period of thirty days of the date of final Order in connection with this appeal." Trial Court Op. of May 13, 1986, at 5. We assume that the "final order" to which the court referred was the order of May 19, 1986 and that the "appeal" to which it referred was the Raubs' appeal from the viewers' report to the court of common pleas.

final resolution of the underlying action, bloats the costs of seeking judicial relief and favors the party who has the resources necessary to wear down with dilatory tactics a less-affluent opponent. *See Fried v. Fried, supra,* 509 Pa. at 97, 501 A.2d at 215. We therefore withhold appellate review in most cases until the trial court enters an order that "ends the litigation" or "disposes of the entire case." *T.C.R. Realty, Inc. v. Cox,* 472 Pa. 331, 372 A.2d 721 (1977). *See also Fried v. Fried, supra; Praisner v. Stocker, supra.* Of course, this "final judgment rule" has exceptions. Most notably, our supreme court has recognized that an otherwise interlocutory order is final and appealable when "(1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost." *Pugar v. Greco, supra,* 483 Pa. at 73, 394 A.2d at 545. *See also Bell v. Consumer Discount Co.,* 465 Pa. 225, 348 A.2d 734 (1975). In those rare circumstances when this court can review a case prior to termination of the proceedings below, the need for immediate action to preserve important rights outweighs the policy against "piecemeal determinations."

In the present case, the Raubs ask us to review the trial court's May 19, 1986 order even though that order did not dispose of the entire case. The trial court acknowledges in its memorandum opinion that the issue of damages remains unresolved. The Raubs therefore have praeciped the prothonotary of Perry County to list the damages issue for a jury trial. We find little difference, if any, between this case and one in which the court grants a default or partial summary judgment on the issue of liability but reserves for trial the issue of damages. We have consistently held that this kind of judgment is interlocutory and unappealable. *See Sims v. Feingold,* 329 Pa.Super. 437, 478 A.2d 868 (1984); *Praisner v. Stocker, supra; Inselberg v. Employers Mut. Companies,* 291 Pa.Super. 406, 435 A.2d 1290 (1981). Moreover, nothing about the May 19 order would justify immediate appellate review. The issues that the

Raubs raise on appeal are certainly not "collateral to the main cause of action." The Raubs challenge the necessity of opening a private road, which, of course, is the core concern of the litigation. In fact, the Raubs requested in their praecipe to the prothonotary that the jury trial on damages await the outcome of this appeal because "issues in the Appeal" would "have an effect on the damages issue." More importantly, postponement of appellate review in this case will not irreparably deprive a party of an important right. The Raubs will have a full opportunity to vindicate their position on appeal after the jury assesses damages. In the meantime, the status quo will prevail. The Act of June 13, 1836, P.L. 551, § 16, 36 P.S. § 2736, provides that "no road shall be opened before the damages shall be fully paid." The interests of efficiency and economy thus weigh heavily in favor of quashing this appeal as interlocutory. Even if the slight postponement of review will inconvenience the Raubs, and we fail to see how it will, we cannot assume jurisdiction as a mere accommodation. *See Pugar v. Greco, supra.*[3]

We recognize that our decision here appears to depart from past practice in this kind of case. In *In re Private Road in Monroeville Borough,* 204 Pa.Super. 552, 205 A.2d 885 (1964), this court held that the right to a jury trial in the court of common pleas on the issue of damages was a remedy distinct from the right to file exceptions to the viewers' report in the court of quarter sessions. We heard the appeal from quarter sessions in that case even though the appellant had filed a separate appeal to the court of common pleas on the damages issue.[4] Much has changed, however, since we decided *Monroeville Borough.*

3. This appeal, moreover, falls within none of the narrow categories of "interlocutory appeals as of right" under Pa.R.A.P. 311, and the Raubs have not sought permission to appeal under Pa.R.A.P. 1301–1323.

4. We did not expressly question our jurisdiction in *Monroeville Borough.* Appellant had argued that he was entitled to a jury trial in the court of quarter sessions on the issue of damages. We concluded that the Act of 1836 afforded no such right and that appellant would have to pursue a jury trial as a separate remedy in the court of common pleas.

The Act of 1836 vested the courts of quarter sessions with jurisdiction over private road cases. The quarter sessions judge appointed the board of view and either confirmed or rejected the viewers' report. *See* 36 P.S. §§ 2731, 2732. The Act of April 15, 1891, P.L. 17, § 1, 36 P.S. § 2151, allowed any party aggrieved by the viewers' award of damages the right to appeal the confirmation of that award to the court of common pleas, where a jury would determine the issue "according to the course of the common law." This right of appeal applied to private road cases by virtue of section 16 of the Act of 1836, 36 P.S. 2736. *See Mattei v. Huray*, 54 Pa.Commw. 561, 565 n. 5, 422 A.2d 899, 901 n. 5 (1980). Thus, proceedings for opening private roads followed a bifurcated course at the time we decided *Monroeville Borough*. The aggrieved party could appeal the confirmation of the viewers' report directly to this court from the court of quarter sessions. At the same time, the party could appeal the damages portion of the report to the court of common pleas for a jury trial. This system of multiple appeals ended in 1969 with the elimination of courts of quarter sessions. The Constitution of 1968 established a unified judicial system in which the courts of common pleas alone assumed duties formerly shared by a confusing array of inferior courts. *See* R. Woodside, Pennsylvania Constitutional Law 410–11 (1985). Today, the same court that confirms the viewers' report also conducts the jury trial on damages. A single order can "dispose of the entire case." The demise of quarter sessions has therefore eliminated the need for piecemeal review of private road cases. We feel that consideration of the entire case in a single appeal comports with the structure of the modern court system and the need for an efficient and fair appellate procedure.[5]

5. We recognize that section 517 of the Eminent Domain Code expressly treats confirmation of the viewers' report as a final order even though the issue of damages remains outstanding. *See* Act of June 22, 1964, P.L. 84, art. V, § 517, 26 P.S. § 1–517. Although we occasionally have looked to the Eminent Domain Code for guidance in private road cases, *see, e.g., In re Private Road in Greene Twp.*, 343 Pa.Super. 304, 494 A.2d 859 (1985) (expert testimony required on damages

For the above reasons, we quash this appeal as interlocutory.

Appeal quashed.

WIEAND, J., files a dissenting opinion.

WIEAND, Judge, dissenting:

I respectfully dissent. Proceedings to open private roads and proceedings to recover damages therefor continue to be governed by the Act of June 13, 1836, P.L. 551, §§ 11, 12, 16, as amended, 36 P.S. §§ 2731, 2732, 2736. The proceedings to open private roads and the proceedings to recover damages therefor are separate proceedings. Indeed, the Supreme Court has held that the commencement of proceedings for the assessment of damages waives defects in the order confirming the opening of the private road. *Weaver's Road*, 45 Pa. 405 (1863). The "bifurcated course" which the two proceedings must take has not been altered by the establishment of a unified judicial system. The proceedings remain separate and distinct in order to enable the trial court to determine all legal issues involved in a proceeding to take one person's land for the opening of another's private road. Only when it has been determined finally that a private road is to be opened across the lands of another does it become necessary to estimate damages "in the manner provided in the case of a public road." Act of June 13, 1836, P.L. 551, § 16, as amended, 36 P.S. § 2736.

I would hold, therefore, that an order determining finally that a private road shall be opened over the land of another is final and appealable. See: *In re Private Road in Monroeville Borough*, 204 Pa.Super. 552, 205 A.2d 885 (1964); *Mattei v. Huray*, 54 Pa.Commw. 561, 422 A.2d 899 (1980).

issue), we cannot ignore that the statutes governing the opening and vacating of public and private roads are wholly independent of those governing eminent domain, *see Pope v. Muth*, 332 Pa.Super. 264, 481 A.2d 355 (1984); *Mattei v. Huray, supra*. The Act of 1836 lacks any provision analogous to section 517 of the Code. Moreover, the obvious public interest at stake in eminent domain cases might justify immediate, piecemeal review, while the interests at stake in private road cases are less widespread.

Cf. Eminent Domain Code of June 22, 1964, P.L. 84, § 517, 26 P.S. § 1–517. Only if it is finally determined that appellants' land was properly taken for appellee's private road will it become necessary to estimate the damages which appellants have sustained as a consequence thereof. I would reach the merits of the instant appeal and render a decision thereon.