## Butler Water Company's Petition.

Argued March 26, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Lee C. McCandless,* County Solicitor, for appellant.

*J. Campbell Brandon,* of *Brandon & Brandon,* with him *Alfred T. Chabot,* for appellees.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, May 6, 1940:

In this appeal by Butler County from the dismissal of its exception to the report of viewers, we have presented as the question involved: When an order of the Public Service Commission, from which no appeal was taken, abolished a grade crossing and directed that all public utilities remove their facilities within the new right of way at their own expense, under the provisions of the Act of July 17, 1917, P. L. 1025, as amended, 66 PS Sec. 574, can a water company in a claim for damages, in addition to recovering damages for land taken, also recover the cost of removing its facilities as a separate and additional item of damage?

The report of the viewers awarded $900 for land taken and $2,647.85 for the relocation of facilities which, in the main, consisted of its pipes which could not be maintained in their original location because piers of the new overhead bridge were placed over them.

It is argued by appellant that because the water company is subject to regulation under the police power, the action of the Commission in compelling it, under the Act of 1917, at its own expense, to relocate its equipment and facilities, deprives the water company of any

right to recover the expense of relocation in this proceeding. We are not prepared to go this far, nor do we think the position can be constitutionally justified. The order of the Commission and the Act of 1917 have no bearing on the question in issue here. As stated by the court below, "the act has nothing whatever to do with the right of a public service company to be compensated for property taken, injured or destroyed in the abolition of a grade crossing of a highway. It is regulatory and covers the power of the Commission to say what shall be done, by whom it shall be done and who shall pay for the doing in the first instance." This was recognized by the Commission itself when in a subsequent order it was stated that there was no intention to deprive the water company of damages. The facilities are on the water company's land, part of which is appropriated.

The award of the cost of removal of the facilities, however, cannot be justified as a separate item of damage. The true measure of damages is the difference between the value of the property before and after the appropriation. The cost of removal of things on the land to a different location is not allowable as a separate element of damage, but may be taken into account in fixing the before and after value: *Becker v. Phila. & Reading R. R. Co.*, 177 Pa. 252, 35 A. 617; *Phila. Ball Club v. Phila.*, 192 Pa. 632, 44 A. 265. "Attempts have often been made to introduce particular items of damage . . . such as the cost of fencing, loss of business, expense of altering buildings, the value of minerals under the surface, . . . and many other distinct and independent matters, . . . but we have repudiated them all:" *Chambers v. South Chester Boro.*, 140 Pa. 510, 522, 21 A. 409. The jury has no right to allow, as a distinct item of claim, the cost of removing a house from the bed of the street: *Grugan v. Phila.*, 158 Pa. 337, 27 A. 1000. "Estimates as to the costs of rebuilding specific items of property or injury to particular uses affected by the taking, are not recoverable or admissible as distinct items of damage, but

such losses may become useful as elements bearing on the market value before and after the appropriation": *Westinghouse Air Brake Co. v. Pittsburgh,* 316 Pa. 372, 375, 176 A. 13.

The court below erred in dismissing the exception. Order reversed and record remitted to court below for further proceedings.