## Erwin Condemnation

*Jacques H. Fox*, for plaintiffs.

*Norman Snyder* and *Michael R. Deckman*, Assistant Attorney General, for Commonwealth.

CURRAN, J., May 13, 1960.—In accordance with the Act of May 14, 1925, P. L. 704, the Commonwealth of Pennsylvania established an ultimate right-of-way width of 100 feet along Baltimore Pike, Springfield Township, Delaware County, and duly recorded a plan showing such ultimate width and lines. Plaintiffs thereafter purchased property along said Baltimore Pike at a time when the legal width of the pike was 55 feet. For the purpose of operating a dairy bar and luncheonette, they then constructed a building on their

property approximately 50 feet behind the legal right-of-way line and 30 feet behind the ultimate right-of-way line. Plaintiffs also made various other improvements to the property such as constructing a parking lot, erecting signs, etc.

On December 26, 1956, defendant, the Commonwealth of Pennsylvania, widened the legal right-of-way of Baltimore Pike from 55 feet to 80 feet, requiring the condemnation of a strip of plaintiffs' land 10 feet in depth and 300 feet in length. A jury of view was appointed to assess damages and they awarded plaintiffs the sum of $8,750. Defendant has appealed from that award. Both parties have agreed that the appeal involves only a question of law as to the measure of damages, and that if this court decides the question of law in favor of defendant, damages should be awarded in the sum of $3,500 and not $8,750.

Defendant contends that where it has fully complied with the Act of May 14, 1925, P. L. 704, in establishing an ultimate right-of-way width and an abutting property owner thereafter erects a building and makes other improvements near this ultimate right-of-way line but *not within* the said line, and the highway is later widened within the limit of the ultimate right-of-way line, then, in such case, the property owner is not entitled to recover severance damages for depreciation in the market value of the building or other improvements, which depreciation is attributable to said widening.

In support of this position defendant cites section 3 of the Act of May 14, 1925, P. L. 704, which provides: "No owner or occupier of lands, buildings, or improvements shall erect any building or make any improvements within the limits of any State highway the width and lines of which have been established and recorded, as provided in this act, and if any such erection or improvement shall be made no allowance shall be had

therefor by the assessment of damages." Defendant would have us apply this same rule where the property owner erects a building or makes improvements outside of the ultimate right-of-way line but in close proximity to said line.

At the outset of our discussion it should be noted that the Act of May 14, 1925, P. L. 704, although repealed, has been substantially reënacted in the Act of June 1, 1945, P. L. 1242.

We cannot accept defendant's position. Since the legislature expressly ruled out as elements of damage any depreciation of buildings erected or improvements made *within* the ultimate right-of-way line, if it intended the same rule to apply where the buildings were erected or improvements were made *outside* the ultimate right-of-way line it would, or should, have expressly so stated. We fail to see where this section of the statute gives credence or strength to defendant's present position.

The proper measure of damages in eminent domain proceedings is well established. Plaintiffs, as owners of the land in question, are entitled to receive as damages the difference between the value of the land immediately before the taking and the value of the land immediately after the taking, as affected by the taking, taking into consideration all of the uses to which the land might reasonably be put: Mazur v. Commonwealth, 390 Pa. 148. In ascertaining such value plaintiffs' witnesses may recite the elements, in addition to the land value, which were taken into consideration in determining the value after the taking. And one such element is the injury to the particular use of the property affected by the taking: Butler Water Company's Petition, 338 Pa. 282.

We are convinced that under the facts of this case plaintiffs are entitled to severance damages and that in arriving at the fair market value of plaintiffs' land

before and after the taking, the jury of view may and should consider the depreciation of plaintiff's building and its use as a dairy bar and luncheonette, which depreciation is caused by the taking.

It seems to us that to hold otherwise would amount to an actual taking of a person's property at the time the Commonwealth establishes the ultimate right-of-way line. Under defendant's theory the property owner erects buildings or makes improvements within or outside the ultimate right-of-way line only at his peril. This in effect prevents the owner from making many feasible uses of his property since he would be extremely hesitant, if not foolish, to erect buildings which may become economically worthless when the Commonwealth actually takes all the land within the ultimate right-of-way line and uses it for highway purposes. Yet the property owner is entitled to no damages until the Commonwealth actually makes use of the ultimate right-of-way line by widening the highway in question.

In addition, section 207 of the Act of June 1, 1945, P. L. 1242, enables the Commonwealth to reduce the ultimate right-of-way line if it so chooses. If this occurred and we accepted defendant's position, the property owner might not ever be entitled to damages even though he has been substantially hindered in the use of his property since he would not erect buildings near the ultimate right-of-way line, it being economically unsound to do so.

Since we reject defendant's contention as to the measure of damages, the award of the jury of view in the amount of $8,750 must be affirmed.

*Order*

And now, to wit, May 13, 1960, the award of the jury of view in the amount of $8,750 is affirmed and the appeal is dismissed.

An exception is allowed to defendant.