343 Pa. Superior Ct. 304 (1985)
494 A.2d 859
In re PRIVATE ROAD IN GREENE TOWNSHIP.
Walter KUHL, Appellee,
v.
Helen MOREHOUSE, Appellant.
Supreme Court of Pennsylvania.
Argued March 11, 1985.
Filed June 14, 1985.
*306 George M. Schroeck, Jr., Erie, for appellant.
Edward J. Lucht, Erie, for appellee.
Before DEL SOLE, HESTER and FEENEY[*], JJ.
DEL SOLE, Judge:
In June, 1981, the Appellee, Walter Kuhl, purchased two tracts of land in Greene Township, Erie County. The tracts are non-contiguous, separated by a strip of land, 64 feet wide, owned by the Appellant, Helen Morehouse. The smaller of the Appellee's parcels fronts on a public highway but the larger of the two, on which the Appellee intends to construct an industrial landfill, is landlocked. When the Appellee began to operate his trucks over the strip of land owned by the Appellant in order to gain access to the highway, Mrs. Morehouse sought an injunction enjoining Mr. Kuhl from trespassing over her land. This injunction was granted. Mr. Kuhl then brought the present action seeking the grant of a private road over Mrs. Morehouse's land pursuant to 36 Pa.C.S.A. § 2731 et seq.
The statute in question provides:
§ 2731. Proceedings to open private roads
The several courts of quarter sessions shall, in open court as aforesaid, upon the petition of one or more persons, associations, partnerships, stock companies, or corporations, for a road from their respective lands or leaseholds to a highway or place of necessary public resort, or to any private way leading to a highway, or *307 upon the petition of the chief executive officer of any executive or administrative department of the State Government for a road from any public highway across any lands of any person, association, or corporation to the boundary line of any lands owned, controlled, or administered by the Commonwealth, direct a view to be had of the place where such road is requested, and a report thereof to be made, in the same manner as is directed by the said act of thirteenth June, one thousand eight hundred and thirty six.
§ 2732. Proceedings on report of viewers
If it shall appear by the report of viewers to the court directing the view, that such road is necessary, the said court shall direct what breadth the road so reported shall be opened, and the proceedings in such cases shall be entered on record, as before directed, and thenceforth such road shall be deemed and taken to be a lawful private road.
36 Pa.C.S.A. §§ 2731, 2732.
Mr. Kuhl's petition to appoint a Board of Viewers was granted by the Court of Common Pleas of Erie County. The Board viewed the premises on April 20, 1983. Public hearings were held by the Board on August 26, 1983, and December 2, 1983. The Board's Final Report was submitted on January 23, 1984 which granted Mr. Kuhl's petition for a private road and awarded Mrs. Morehouse $7,500 in damages. The Honorable Jess Jiuliante dismissed the Appellant's exceptions to the Report, affirmed the Report of the Board of Viewers and issued an order opening the private road on May 18, 1984. Mrs. Morehouse appealed.
First we note that the statute provides the Board of Viewers with broad authority to determine whether a private road is necessary. The Board of Viewers constitutes an independent tribunal, and review by the trial court is limited to confirmation of the report of the Board, or rejection of it and the direction of a review. In Re: Private Road in Monroeville Borough, 204 Pa.Super. 552, 205 A.2d 885, 887-88 (1964) (citations omitted). Appellate review is *308 limited to ascertaining the validity of the court's jurisdiction, the regularity of the proceedings, questions of law and whether there has been an abuse of discretion. Application of Little, 180 Pa.Super. 555, 119 A.2d 587 (1956) (citations omitted). With this in mind we have carefully reviewed the record in this case, and we affirm in part and vacate in part.
Appellant has raised three issues before this Court, two of which question the finding of the Board that a private road is necessary. Appellant's first argument is that the grant of a private road for the purpose of permitting the commercial development of a landlocked parcel of land is outside the scope of the statute. Appellant argues that the Appellee's plan to operate a landfill is not evidence of strict necessity for the private road.
In Application of Little, this Court described the word "necessity" as the key to the entire Act. Little, supra, 180 Pa.Superior Ct. at 589, 119 A.2d 587. In Little, we offered as an example of "strictest necessity" the case where a parcel of land is completely landlocked. Id. There is no requirement in the statute that the necessity be for residential rather than commercial purposes, and in fact, the statute's listing of "associations, partnerships, stock companies and corporations" as possible petitioners seems to contemplate the opening of private roads for commercial purposes. 36 Pa.S.C.A. § 2731. In Little, we also noted that the statute provides that the Board should determine the necessity of the road and this was ordinarily a factual matter to be determined by actually viewing the premises and if necessary, by holding hearings. Little, supra, 180 Pa.Superior Ct. at 589, 119 A.2d 587. In the case before us, a factual finding of necessity was made by the Board after a view of the premises as well as public hearings. We find no merit in Appellant's argument that we should reverse the finding of the Board.
Appellant secondly argues that a private road may not be opened when other property which would have given the petitioner access to this landlocked parcel was available for *309 private sale. The record reveals that there was, at least for a time, property for sale other than the Morehouse property, which would have provided the Appellee with access to a public road. The Board's final report listed as a finding that other land was for sale but an exhorbitant selling price for the type of access needed by the petitioner. Final Report, p. 4. Our Court has found that in interpreting this statute, "strict necessity" does not mean "absolute necessity". Little, supra, 180 Pa.Superior Ct. at 589, 119 A.2d 587. As with Appellant's first argument, we find no reason to reverse the finding of the Board as affirmed by order of the trial court.
We find, however, that Appellant's third argument has merit. The Appellant asserts that the case should be remanded for additional findings of fact to support the award of damages and we agree.[1] The statute provides that damages for a private road should be estimated in the manner provided for in the case of a public road. 36 Pa.C.S.A. § 2735. We therefore look to the Eminent Domain Code for the proper procedure, where Article VII provides:
§ 1-701. Viewer's hearing
The viewers may hear such testimony, receive such evidence, and make such independent investigation as they deem appropriate, without being bound by formal rule of evidence.
§ 1-702. Condemnor's evidence before reviewers
The condemnor shall, at the hearing before the viewers, present expert testimony of the amount of damages suffered by the condemnee.
26 Pa.C.S.A. §§ 1-701, 702.
The record reveals no evidence offered by either party as to the amount of damages suffered by the Appellant due to the opening of the private road and we find such evidence must be offered to support the Board's award of damages. *310 We therefore affirm the Order of the trial court which orders the private road be opened and we vacate the part of the trial court's Order awarding damages. We remand for a hearing before the Board of Viewers to take testimony on the amount of damages to be awarded.
Order affirmed in part and vacated in part. Case remanded for proceedings consistent with this opinion.
Jurisdiction relinquished.
NOTES
[*] Honorable JOHN M. FEENEY of the Court of Common Pleas of Allegheny County, Pennsylvania is sitting by designation.
[1] We do not agree with Appellant's assertion that there be additional evidence taken on the question of safety, however.