549 A.2d 611

Neal C. Bitting and Margaret M. Bitting, his wife *v.* Dorothy Beaston et al. Ray Bitting and Mary Bitting, his wife, Appellants.

Neal C. Bitting and Margaret M. Bitting, his wife, Appellants *v.* Dorothy Beaston et al., Appellees.

*Allen E. Hench,* for appellants, Neal and Margaret Bitting.

*Robert L. O'Brien,* for appellants, Ray and Mary Bitting.

*Daniel Stern,* for appellees, Dorothy Beaston, Neil J. Smith and Jane Smith.

OPINION BY JUDGE BARRY, October 18, 1988:

These appeals are from an order of the Court of Common Pleas of Perry County which affirmed a decision of a Board of View opening a private road from the land of appellants, Neal and Margaret Bitting. Neal and Margaret Bitting had petitioned for the opening of a private road from the western portion of their land to a public highway over the land of respondents and appellees, Dorothy Beaston, Neal and Jane Smith and Ida Alice Metz. Part of the road requested would consist of an existing road traversing the properties of Neal and Jane Smith and Ida Alice Metz. The Board of View is-

sued an order which found a necessity for *a* road from the western portion of the Bittings' land, but the Board considered an existing lane to be more appropriate and ordered a private road opened along such lane. The existing lane is much longer than the private road petitioned for and passes through the property of Neal Bitting's brother, Ray, and his wife, Mary, and through a small section of the property of Dean Ernest. In the Board's order, Ray and Mary Bitting and Dean Ernest and his wife are joined as additional respondents. The court of common pleas affirmed the Board's order. Neal and Margaret Bitting and Ray and Mary Bitting have appealed to this Court. Their appeals were consolidated.

Neal and Margaret Bitting first argue that the Board went beyond the authority of the applicable statute in laying out a road over land of other than those named as respondents in the petition. The statute authorizing the opening of private road, 36 P.S. §2731,[1] reads in pertinent part:

> The several courts of quarter sessions shall, in open court as aforesaid, upon the petition of one or more persons, . . . for a road from their respective lands or leaseholds to a highway or place of necessary public resort, or to any private way leading to a highway, . . . direct a view to be had of the place where such road is requested, and a report thereof to be made, in the same manner as is directed by the said act of thirteenth June, one thousand eight hundred and thirty-six.

The Board of View appointed by the court has broad authority to determine whether the road is necessary.

---

[1] Section 11 of the Act of June 13, 1836, P.L. 551, *as amended*.

*In Re Private Road in Greene Township,* 343 Pa. Superior Ct. 304, 494 A.2d 859 (1985).

Appellate review of a court's affirmance of a board of view is limited to ascertaining the validity of the court's jurisdiction, the regularity of the proceedings, questions of law and whether there has been an abuse of discretion. *Greene Township* at 307-08, 494 A.2d at 861.

We agree that the Board erred in ordering a road to be opened along the existing lane. The statute states that a view is to be held of "the place where such road is requested". As Neal and Margaret Bitting point out, this language requires the Board to examine the necessity of the road in the general area where it was requested. The purpose of Neal and Margaret Bitting's petition was to obtain a means of access over the property of the named resondents so that they did not have to take a longer route over Ray and Mary Bitting's property. In this situation, the Board should have decided only whether the road requested over the property specified in the petition was necessary. The Board could, of course, decide that the requested road is unnecessary because of an existing means of access to Neal and Margaret Bitting's property. We will remand for a determination on the necessity of the requested road.

Appellees cite, as support for the Board's action, precedent which suggests that the Board has the final say on the location of a road. *In Re Private Road in Nescopeck Township,* 281 Pa. Superior Ct. 341, 422 A.2d 199 (1980); *In Re Private Road in Juniata Township,* 6 D. & C. 418 (1948); *In Re Private Road in West Providence,* 101 Pa. Superior Ct. 9 (1930). We read these cases as saying that the Board is in charge of the exact coordinates of the road requested, but not that the Board can place a road somewhere completely different from the general location where it was requested so that the purpose of the request is defeated. The Board should have either granted the request or denied

it, but the Board cannot open a road which the petitioner did not request.[2]

Because of our disposition of this issue, we need not address the other issues presented by Neal and Margaret Bitting. Also, because we are vacating the order opening a road over Ray and Mary Bitting's property, the appeal of Ray and Mary Bitting, who argue a denial of due process because no notice was given that their property would be taken, is rendered moot.

For the foregoing reasons, we vacate the order of the Court of Common Pleas affirming the order of the Board of View and we remand this matter for proceedings consistent with this opinion.

### ORDER IN 486 C.D. 1987

NOW, October 18, 1988, because of the disposition of the matter at Docket No. 490 C.D. 1987 of the Commonwealth Court of Pennsylvania, this appeal is dismissed as moot.

### ORDER IN 490 C.D. 1987

NOW, October 18, 1988, the order of the Court of Common Pleas of the 41st Judicial District of Pennsylvania, Perry County Branch, entered January 30, 1987, at Docket No. 84-78, is vacated and this matter is remanded for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

This decision was reached prior to the resignation of Judge MACPHAIL.

---

[2] Part of Neal and Margaret Bitting's argument is that a board of view cannot place a road over property of persons other than the respondents named in the petition. We note that our holding does not so restrict a board of view. It is within a board's discretion to divert a requested road over an additional respondent's property or make other minor variations in the location of the road, if it has reason to do so. Our holding is only that a board may not locate a road in a place completely different from that requested.