576 A.2d 1181

**Augustus J. MANDRACCHIA and Carmella Mandracchia, his wife, Appellants,**

**v.**

**STONEY CREEK REAL ESTATE CORP., Appellee.**

**STONEY CREEK REAL ESTATE CORP., Appellant,**

**v.**

**Augustus J. MANDRACCHIA and Carmella Mandracchia, Appellees.**

Commonwealth Court of Pennsylvania.

Argued May 4, 1990.

Decided June 20, 1990.

Frederic M. Wentz, McGrory, Wentz & Fernandez, Norristown, for appellants/appellees, Augustus J. Mandracchia and Carmella Mandracchia, his wife.

Cary L. Flitter, Lundy, Flitter & Beldecos, P.C., Narberth, for appellee/appellant, Stoney Creek Real Estate Corp.

Before PALLADINO and McGINLEY, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

This case involves a petition for the appointment of viewers filed by Stoney Creek Real Estate Corp. (Stoney Creek) to locate a private road over abutting property owned by Augustus J. Mandracchia and Carmella Mandracchia (the Mandracchias).

Stoney Creek owns a tract of 2.617 acres, more or less, in the Township of East Norton, Montgomery County, Pennsylvania. In its petition for the appointment of viewers it alleges that it has no vehicular access to DeKalb Pike, upon which it abuts, by reason of the existence of a PennDOT bridge and Stoney Creek. It seeks access over the Mandracchias' abutting parcel which consists of 2.027 acres, more or less. After hearings before the appointed board of view, that body decided that a private road was necessary and recommended such a private road thirty foot in width with an additional ten feet in width for utilities, to run alongside the private road. The Mandracchias appealed this report; Stoney Creek filed a petition to confirm the same, together with a separate motion to compel inspection of land for the purpose of conducting a survey to set the location of the road. By order dated October 13, 1989, the court of common pleas confirmed the report of the jury of view and adopted the recommendations contained within the report. By another order also dated October 13, 1989, Stoney Creek's motion to compel inspection of land was denied.

Both parties filed cross-appeals. Subsequent to the filing of the appeals to this Court, on December 28, 1989, the trial court filed an opinion without an additional order in which it

acknowledged the existence of the provisions of the Act of June 13, 1836, P.L. 551, § 5, *as amended,* 36 P.S. § 1901.[1] It cited *Killbuck Private Road,* 77 Pa. 39 (1874), for the proposition that the width of a private road was confined by the statute to twenty-five feet. The court further conceded that any utilities must be confined to that same area. It also opined that the question of necessity is for a jury of view to decide, which jury has no obligation to minimize damages and locate the road in a different area suggested by a condemnee. The court also stated that the jury of view had no obligation to set forth the exact termini of the road.

The parties stipulated that they would submit the question of necessity to the court and later try the case on the issue of damages. This procedure has been implicitly approved by this Court in *Mattei.* The Superior Court in the case of *Driver v. Temple,* 374 Pa.Superior Ct. 389, 543 A.2d 134 (1988), has been much more explicit. In that case, Judge Wieand said as follows:

> Proceedings to open private roads and subsequent proceedings to assess damages therefor are distinct proceedings. The commencement of proceedings for the assessment of damages, it has been held, is a waiver of defects in the order confirming the opening of the private road. Weaver's Road, 45 Pa. 405 (1863). Because of the bifurcated course which the two proceedings must take, the trial court is required to determine all legal issues involved in the proceeding to take another's land for private use before the damages to be paid can be assessed. *Only after it has been decreed that a private road is necessary and is to be opened across the land of another, and the location, width, and distance thereof have been*

---

1. We note that the provisions of the Eminent Domain Code, the Act of June 22, 1964, Special Session, P.L. 84, *as amended,* 26 P.S. § 1–101 et seq., are not applicable, except by analogy or perhaps, necessity, to private condemnations. *Mattei v. Huray,* 54 Pa.Commonwealth Ct. 561, 422 A.2d 899 (1980).

*determined, does it become possible to estimate damages 'in the manner provided in the case of a public road.' Of necessity, therefore, the two proceedings are separate and distinct.*

This statutory procedure is still in effect. It has not been altered by constitutional amendment, by statute, or by procedural rule.... For an appellate court to refuse to entertain such an appeal and require proceedings to assess damages to go ahead before the location of the roadway has been determined finally would permit absurd consequences in the event the location of the road were subsequently altered following appellate review. We conclude, therefore, that an order finally confirming the opening of a private road is an order which is sufficiently final to permit immediate appellate review.

374 Pa.Superior Ct. at 393–94, 543 A.2d at 136 (emphasis added.) The court also addresses very well the question of necessity.

The Act of 1836, supra, grants to boards of view broad authority to determine whether a private road is necessary and, if so, where it shall be located. Although the board's findings are subject to review and may be set aside, its authority will not be infringed upon by a court's substituting its judgment for that of the viewers. *In re Private Road in Monroeville Borough, Appeal of Marinclin,* supra 204 Pa.Super. [552] at 558, 205 A.2d [885] at 887–888. See also: *In re Private Road in Greene Township,* 343 Pa.Super. 304, 307, 494 A.2d 859, 860–861 (1985). 'Appellate review of these matters is solely to ascertain the validity of the court's jurisdiction, the regularity of the proceedings, questions of law, and whether there has been an abuse of discretion. We cannot look beyond the record ... or consider questions of fact.' *Little Appeal,* 180 Pa.Super. 555, 558, 119 A.2d 587, 588 (1956). See also: *Keller's Private Road,* 154 Pa. 547, 548, 25 A. 814, 814 (1893).

374 Pa.Superior Ct. at 394–95, 543 A.2d at 136–137.[2]

The Commonwealth Court has agreed with the Superior Court on the question of the determination of necessity. *Mattei* and *Bitting v. Beaston,* 120 Pa.Commonwealth Ct. 448, 549 A.2d 611 (1988) (citing *In Re Private Road in Greene Township,* 343 Pa.Superior Ct. 304, 494 A.2d 859 (1985)).

The board of view appointed in this case made the following findings which were accepted by the court:

10. The Board finds, as a matter of fact, that the property has no viable highway access and comports with the statutory requirements for condemnation of a private street. The Board, thus, believes that there is, in fact, a reasonable necessity for such private street to provide vehicular access to the property.

11. The Board did consider a number of alternative options presented by the Condemnees and finds that those options are not reasonable or viable by virtue of their failure to meet the statutory requirements by which the Board must be guided, to wit: the shortest possible distance; the best ground for a road; the least injury to private property; and agreeable to the desires of the Petitioners.

12. The Board took into consideration issues of the quantity of land that would be required for taking in each of the different options; the nature of impact of traffic patterns; zoning restrictions; issues of residential displacement; and environmental issues in reaching its conclusion.

The board of view heard expert testimony from an architect, a civil engineer with a specialty in water resources, a real estate-environmental lawyer and the owner of Stoney

2. We note under the provisions of 42 Pa.C.S. § 762(a)(6) jurisdiction of appeals from final orders of the court of common pleas in eminent domain cases is vested in the Commonwealth Court. No distinction is drawn between private and public condemnations; however, if there could have been a valid objection to the jurisdiction of the Superior Court it was waived under the provisions of 42 Pa.C.S. § 704; Pa.R. A.P. § 741.

Creek. There were widely divergent estimates on the cost of building a bridge over Stoney Creek and other issues and the testimony as a whole was not perhaps exact on these issues but the board of view saw the property and heard the witnesses, the court of common pleas adopted the report of the board and this Court would not normally disturb the findings.

As Judge Wieand pointed out in the case of *Driver v. Temple*, in the language quoted and emphasized above, a trial court is required to determine *all* legal issues before damages can be assessed. Not only must necessity be determined but also the location, width and distance of the taking. We believe the trial court was in error when it opined that the jury of view had no obligation to set forth the exact termini of the road. An exact description of the area condemned is essential in this case before we can exercise our appellate review. Until the board of view by its report sets the exact location of the road as required by the previously cited cases of both this Court and the Superior Court, and the trial court either confirms or refuses to confirm that report, we do not have a final appealable order from the initial stage of this proceeding.[3]

As already mentioned, Stoney Creek has appealed the court's order denying them access to the property for surveys leading to setting the location of the road. The court held that such entry is unnecessary because the exact location need not be set by the viewers. As the court committed an error of law in that respect, it also erred in refusing Stoney Creek access to the land. As the Superior Court held in *Driver*, it is the viewer's function to choose between the various proposed routes when it sets the location of the road, keeping in mind the statutory mandate of

---

3. In its brief, Stoney Creek argues that the trial court erred in raising the question of the width of the road sua sponte. It further argues that the Mandracchias have waived the right to challenge the original order setting the width at thirty feet plus an additional ten feet for a utility right of way. We believe that the question concerning the width of the road cannot be waived since this is a matter of a statute which the court must consider when confirming the report of the board of view.

causing the least injury to the private property involved. The court's order prohibiting Stoney Creek access to the land must be reversed.

## ORDER

### No. 2190 C.D. 1989

NOW, June 20, 1990, the appeal in the above case is quashed.

## ORDER

### No. 2273 C.D. 1989

NOW, June 20, 1990, the order of the Court of Common Pleas of Montgomery County, at No. 88–15249, dated October 13, 1989, is reversed and the case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

Former President Judge CRUMLISH, Jr., did not participate in the decision in this case.