592 A.2d 343

In re LAYING OUT AND OPENING A PRIVATE ROAD.

**Appeal of David L. and Gloria J. ZEAFLA.**

Superior Court of Pennsylvania.

Argued Jan. 23, 1991.

Filed June 11, 1991.

300

Steven E. Owlett, Wellsboro, for appellants.

Lester L. Greevy, Williamsport, for Aldinger, participating party.

Ambrose R. Campana, Williamsport, for Double Tree Camp, Inc., participating party.

James D. Casale, Williamsport, for Volckmer, participating party.

Before OLSZEWSKI, BECK and TAMILIA, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order dismissing the appeals and exceptions filed by David and Gloria Zeafla, and entering judgment in accord with the findings and report of the Board of View (hereinafter, "Board"). In September 1988, Harry Aldinger filed a petition to appoint viewers and lay out and open a private road in the Court of Common Pleas of Lycoming County. Aldinger's petition sought to open a private road from his land in Lycoming County, across the adjacent farm of the Zeaflas, to a public road. By motion of the Zeaflas, an additional defendant, Double Tree Camp, Inc., was joined. Double Tree subsequently joined Dorothy Volckmer. Both Double Tree and Volckmer also own property adjacent to Aldinger's. A private road could be laid out across either the Double Tree or Volckmer property to allow Aldinger access to a public road.[1]

The Board was properly appointed. Following a view of the land in question and hearings on the matter, the Board issued a report concluding that the private road should be opened across the Zeafla farm as Aldinger requested. The Zeaflas appealed the Board's decision to the court of com-

1. A map of the parcels in question and the route chosen by the Board of View is attached as Exhibit "A".

mon pleas, which affirmed the Board and issued the order in question. This timely appeal followed.

On appeal, the Zeaflas raise three issues for our consideration. First, the Zeaflas argue that there is no necessity for a private road, as Aldinger has a permissive right-of-way across the farm to reach his property. Alternatively, the Zeaflas allege that the Board's failure to make a specific finding of necessity renders its decision void. Second, the Zeaflas claim that, assuming *arguendo*, necessity exists, the Board abused its discretion in opening the private road over their farm. Finally, the Zeaflas assert that the Board did not have sufficient evidence to render a finding as to damages and that they are entitled to a jury trial as to the issue of damages. Having carefully examined the positions of the parties, we vacate and remand for further proceedings.

The Board made the following relevant findings of fact. The land owned by Aldinger does not have legal access to a public road, except for the the permissive right granted Aldinger by the Zeaflas. (Board Report of 2/8/90, hereinafter, "Report," finding no. 5, p. 3.) The existing roadway across the Zeafla farm to the Aldinger property was formerly a public road, which continued across the Aldinger and Double Tree properties and was vacated in 1923. (Report, findings nos. 10–11.) The road across the Zeafla farm is the most appropriate site for the private road, because the site of the existing roadway across the Double Tree property is in poor condition and there was no previous existing roadway across the Volckmer property. (Report, findings nos. 11, 12, 17, 18.) No evidence was produced as to the value of the Zeafla farm before and after the private road would be opened. (Report, finding no. 20.) The Board awarded damages to the Zeaflas in the amount of $5,000.00. (Report, finding no. 29.)

■ As an initial matter, we note that there appears to be some question as to which intermediate court properly has jurisdiction of this appeal. Superior Court has heard appeals from court of common pleas orders affirming the

findings of a board of view as to the opening of a private road. *See, Driver v. Temple,* 374 Pa.Super. 389, 543 A.2d 134, *alloc. denied* 520 Pa. 607, 553 A.2d 969 (1988); *In re Private Road In Greene Township,* 343 Pa.Super. 304, 494 A.2d 859 (1985). Commonwealth Court has likewise heard this type of appeal. *See, Mandracchia v. Stoney Creek Real Estate,* 133 Pa.Cmwlth. 510, 576 A.2d 1181 (1990); *Bitting v. Beaston,* 120 Pa.Cmwlth. 448, 549 A.2d 611 (1988); *Mattei v. Huray,* 54 Pa.Cmwlth. 561, 422 A.2d 899 (1980).

In point of fact, Commonwealth Court has held that these cases are clearly within its exclusive jurisdiction under 42 Pa.C.S.A. § 762(a)(6), stating that there is no jurisdictional distinction between public condemnations and private condemnations. *Mandracchia, supra* 133 Pa.Cmwlth. at 515 n. 2, 576 A.2d at 1183 n. 2. We agree, the laying out and opening of a private road is clearly a taking of private property which could not occur absent the statutory empowerment of the condemnor by the government. The opening of such a road provides access to a public highway, and also provides access to the condemnor's property under certain circumstances. "Eminent Domain" has been defined as "The power to take private property for public use by the state, municipalities, and private persons or corporations authorized to exercise functions of public character." *Black's Law Dictionary,* 5th Ed., p. 470 (citation omitted). Eminent domain is a technical phrase which must be construed according to its peculiar and appropriate definition. 1 Pa.C.S.A. § 1903(a). We hold today that appeals from petitions for the laying out and opening of private roads are eminent domain proceedings within the exclusive jurisdiction of the Commonwealth Court pursuant to 42 Pa.C.S.A. § 762(a)(6). Nonetheless, as no party has raised the jurisdictional issue, we will consider the merits of this appeal in the interests of judicial economy as per 42 Pa.C.S.A. § 704, Pa.R.A.P. 741. *See, Cohen v. Temple University of Commonwealth System of Higher Educ.,* 299 Pa.Super. 124,

445 A.2d 179 (1982). *Eldred Township v. Monroe County,* 330 Pa.Super. 74, 478 A.2d 1357 (1984).

▇▇▇ A board of viewers has broad authority under 36 P.S. § 2731 to determine whether a private road is necessary. *In re Private Road in Greene Township, supra* 343 Pa.Super. at 306, 494 A.2d at 860. In reviewing the board's decision, a trial court may confirm the report, or reject it and direct a review. *Id.,* 343 Pa.Superior Ct. at 307–08, 494 A.2d at 861 (citation omitted). "Appellate review is limited to ascertaining the validity of the court's jurisdiction, the regularity of the proceedings, questions of law and whether there has been an abuse of discretion." *Id.* (citation omitted). With these standards in mind, we examine the case at hand.

▇▇▇ The Zeaflas challenge the necessity of the private road in question. Specifically, the Zeaflas argue that because the private road could run across the Double Tree or the Volckmer property, it is not necessary that it run across their property. This argument mistakes the concept of necessity. "[A]n example of 'strictest necessity' is where a parcel of land is completely landlocked." *Id.* (citation omitted). Here the Board made a specific finding that the Aldinger parcel is landlocked. Hence, a private road over one of the adjoining parcels is a necessity. To accept the Zeaflas' argument would place Aldinger in a classic catch–22. As long as a parcel is landlocked, a private road is a necessity; however, as long as there is more than one adjoining landowner, the private road does not necessarily have to impinge upon any particular adjoining landowner's property. Each adjoining landowner could claim that it was possible to place the private road on a different adjoining landowner's property, thereby preventing the landlocked parcel's owner from obtaining any private road. We do not believe the legislature intended such an absurd result. "Absolute necessity" is not a requirement of the statute. *Id.* (citation omitted).

▇▇▇ Nor are we persuaded by the Zeaflas' argument that the Board never made a finding of necessity. As described

above, a landlocked parcel is an example of "strictest necessity." We will not require a board of viewers to use the specific term "necessity" in its findings. We agree with the trial court that the Board's finding that the parcel was landlocked implies the requisite necessity. (Trial court order at 1.)

█ Finally, the Zeaflas argue that Aldinger's characterization of the present permissive right as an irrevocable license negates any necessity. This overlooks the nature of an irrevocable license. Assuming, *arguendo,* that Aldinger does have an irrevocable license,[2] the right to traverse the Zeafla farm does not necessarily run with the landlocked parcel. Successors in interest to the Zeafla farm would take subject to the license only if they had notice of it. *Kovach v. Gen. Tel. Co. of Pa.,* 340 Pa.Super. 144, 147–49, 489 A.2d 883, 885 (1985). The ephemeral nature of such a license is sufficient to render the more permanent remedy of a private road a necessity, at least in the context of a landlocked parcel as presented here.

█ We also do not agree that the Board abused its discretion in granting the private road across the Zeafla farm. The Board viewed the properties in question and held the appropriate hearings. The Board's findings amply support its determination that the existing road across the Zeafla farm is the most appropriate place for the private road.[3] The Zeaflas' argument that the agricultural use of their property makes it more appropriate to place the road on the Double Tree or Volckmer tracts is unavailing. *See, Driver, supra* 374 Pa.Super. at 398–400, 543 A.2d at 138–

2. The trial court did not expressly pass upon Aldinger's contention that he has an irrevocable license. The damages awarded by the Board of Viewers was simply confirmed.

3. We are aware of a court of common pleas decision holding that vacation of a public road does not automatically create private road rights. *Whiting v. Solar,* 23 Law.L.J. 20, 39 Pa.D. & C.2d 742 (1966). Without passing on the appropriateness of that decision, we hold today that prior existence of a roadbed is a factor to be considered as to the placement of a private road.

139.[4] The use to which the land being taken has been put goes to the issue of damages, not the propriety of the route chosen, so long as the choice is otherwise proper. *Id.*

■■■ The Zeaflas' last argument is that the computation of damages was erroneous. We agree. Damages for a private road are to be ascertained as if the land was being taken for a public road. 36 P.S. § 2736 (Purdon's Supp. 1990). The Zeaflas argue that this requires that damages be ascertained in accord with the Eminent Domain Code, 26 P.S. § 1–101, *et seq.*, which provides:

> Just compensation shall consist of the difference between the fair market value of the condemnee's entire property interest immediately before the condemnation as unaffected thereby and the fair market value of his property interest remaining immediately after such condemnation and as affected thereby, and such other damages as are provided in this code.

26 P.S. § 1–602 (Purdon's Supp.1990). Further, the burden is on Aldinger, as the condemnor, to present expert testimony as to the appropriate amount of damages. 26 P.S. § 1–702 (Purdon's Supp.1990). *See, In re Private Road in Greene Township, supra* 343 Pa.Super. at 307–10, 494 A.2d at 861–862, for the proposition that the Eminent Domain Code applies to private road actions. Aldinger presented no such evidence. (Report, finding no. 20.)[5] The Board appar-

---

**4.** The Board must take into account four factors when determining the site for a private road: the shortest distance, best ground, least injury to private parties, and desire of the petitioners. 36 P.S. § 1785 (Purdon's Supp.1990). In this case, three of those factors support the Board's decision. The Board's findings indicate that the route across the farm was chosen because of the swampy condition of the route across the Double Tree tract. The route chosen is the one requested by Aldinger. Least injury to private parties is a closer call, as I continue to believe that prime farmland should not be sacrificed for a private road. *See, Driver, supra* at 398–400, 543 A.2d at 139 (Olszewski, J., dissenting). In this case, however, the road is already in existence; the land at issue is not presently used for farming, despite the Zeaflas' claims of future plans.

**5.** We are aware that the Commonwealth Court has held that the Eminent Domain Code does not apply to private road takings, deciding that the reference in 36 P.S. § 2735 is to the provisions for

ently substituted the general value of similar land in the community for the valuation of the Zeaflas' land required. (Report, findings nos. 25, 26.) Proper evidence must support a board's findings as to damages. *In re Private Road in Greene Township, supra* at 309–10, 494 A.2d at 862. We find no record of any being presented here.

 The opening of a private road is a statutorily granted privilege allowing one citizen to condemn his neighbor's land for his own purpose. His neighbor is entitled to fair and just compensation for the land taken. The condemnor must present adequate evidence of the fair market value of that land to determine the exact amount of damages due his neighbor.[6]

 The Zeaflas also assert that they are entitled to a jury trial as to damages if the new findings of the Board are appealed to the court of common pleas. We agree. *See, In re Private Road in Monroeville Borough, Allegheny County,* 204 Pa.Super. 552, 556–57, 205 A.2d 885, 887 (1965); *Mattei, supra* 54 Pa.Cmwlth. at 565 n. 5, 422 A.2d at 901 n. 5 (noting the existence of a right to jury trial on damages). Therefore, upon remand, Aldinger must present expert evidence as to the value of the Zeafla farm before

opening a public road which appear at 36 P.S. § 1781, *et seq. Mattei, supra* 54 Pa.Cmwlth. at 564–66, 422 A.2d at 901; *Mandracchia, supra* 133 Pa.Cmwlth. at 513 n. 1, 576 A.2d at 1183 n. 1. We, of course, are bound by the relevant Superior Court precedent. Further, we find that either approach yields substantially the same result as evidence of the fair market value of the land before and after the taking, even if not required by any applicable provision of the Eminent Domain Code, is the measure of damages in public road takings dictated by long-standing Pennsylvania precedent. *See, Cummings v. Williamsport,* 84 Pa. 472 (1877); *Philadelphia Ball Club v. Philadelphia,* 192 Pa. 632, 44 A. 265 (1899).

6. We note in passing that Aldinger claims that no damages are due the Zeaflas because he asserts that his permissive use of the roadway has become an irrevocable license. (Petitioner's Memorandum on Damages at 4.) Assuming, *arguendo,* that Aldinger does have an irrevocable license, this is not dispositive as to the amount of damages. Just as we above distinguished the ephemeral nature of such a license from the permanent nature of a private road when discussing necessity, so too the difference between the private road and an irrevocable license is relevant to damages.

and after the taking, and the Zeaflas are entitled to a jury trial as to the amount of damages. Of course, the Zeaflas are entitled to present their own evidence as to the fair market value of the land taken.

We note that the Zeaflas filed an "Application for Relief" four days before the scheduled date of argument for this case. That application alleges that Aldinger has not yet paid the damages as determined in the order being appealed and has conveyed his property to another party. The application requests a remand to the court of common pleas with instruction to dismiss Aldinger's petition on the grounds that he is no longer a party in interest as he does not own the property which will be benefitted by the opening of the private road. It is true that payment of damages is a statutorily mandated prerequisite to the opening of a private road, and has, in fact, long been the law in Pennsylvania. 36 P.S. § 2736 (Purdon's Supp.1990); *Clowe's Private Road*, 31 Pa. 12 (1854). Nonetheless, Aldinger has not yet had an opportunity to answer the allegations contained in the Zeaflas' application. Further, as an appellate court, we are not as well suited to the requisite initial factual inquiry as our trial court brethren. Therefore, we remand this case to the court of common pleas which shall conduct a hearing to determine whether Aldinger is a proper party to these proceedings. If Aldinger is no longer a party in interest to the petition, it must be dismissed; if Aldinger is a proper party to this petition, the Zeaflas are entitled to a jury trial as to the proper amount of damages. Aldinger must present expert testimony of the fair market value of the property before and after the opening of this road. The Zeaflas are also free to present evidence as to this issue.

As a final matter, we encourage the legislature to revisit this area. The taking of private property for a private road is an action in the nature of an eminent domain proceeding. The statutes governing this taking, however, in our opinion, do not provide adequate protection to the party whose property is taken. In proceeding under the Eminent Do-

main Code, an attorney must be the chairman of the Board of View. 26 P.S. § 1–503 (Purdon's Supp.1990). A Board of View for the taking of a private road only requires that one-third of its members be admitted to the bar. 42 Pa. C.S.A. § 2142 (Purdon's Supp.1990).[7] The Eminent Domain Code requires expert evidence as to the value of the property taken. 26 P.S. § 1–702 (Purdon's Supp.1990). Although evidence of the value of the property taken is required when assessing damages for the opening of a private road, there is no express statutory requirement that expert evidence be presented. Further, in a private road case the petitioner does not have to post a bond assuring that the party whose property is taken will receive compensation. This deficiency has led to the present state of affairs in this case, where the condemnor is alleged to have obtained a decree opening the road and then conveyed the dominant tenement to a third party before paying the damage award to the owner of the servient tenement. The absence of such protections is especially critical in light of our holding today that appeals of these cases lie within the exclusive jurisdiction of the Commonwealth Court and that Court's position that the Eminent Domain Code does not apply to these cases. *See, Mattei, supra.* Finally, allowing a private citizen to exercise the eminent domain power for a private purpose may raise constitutional implications. As neither party has alleged any such violation, we abstain from passing upon the question.

Order vacated. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

TAMILIA, J., concurs in the result.

BECK, J., files a concurring opinion.

7. We also note that the qualifications of the remaining members of a Board of View may be prescribed by local or general rule. 42 Pa.C.S.A. § 2142 (Purdon's Supp.1990). It is our measured opinion that the people of this Commonwealth are entitled to a minimum level of professional qualifications for all viewers, and that these should be uniform across the state. We encourage the legislature to carefully examine this area.

310

BECK, Judge, concurring.

This matter involves the request by appellee Aldinger for the laying out of a private road over the property of appellants, the Zeaflas. Appellee instituted his request pursuant to 36 P.S. § 2731 (1927). As required by statute, a Board of Viewers (Board) was appointed, and the Board conducted two views of the site proposed for a private road. The Board held two hearings in order to take testimony from the parties interested in the laying out of the private

road. A final report was issued in which the Board determined appellee's requested private road should be established over appellants' property and that appellee must first pay appellants $5000 compensation for the taking of their property. Appellants took exceptions to the Board's final report, and appealed the Board's determination to the court of common pleas. The lower court dismissed appellants' exceptions and appeal, and entered judgment in accordance with the Board's final report. The appellants now appeal.

I agree with the majority's holding that the necessity of and location of the private road should be affirmed, and that the determination of damages must be vacated and reconsidered by the trial court. However, I write separately to explain further my reasons.

I first note that the current statutes providing the procedure for establishing a private road over another's property substantially have been taken from an 1836 law. (Act of June 13, 1836, P.L. 551, entitled "An Act Relating to Roads, Highways and Bridges"). In the current restructured format, the statutory provisions describing the procedure are not abundantly clear.

Chapter 5 of Title 36 of the Pennsylvania Code specifically addresses "Private Roads." The statutes within chapter 5 provide that upon petition a court shall direct that a view be made of the location where the requested private road is to be established, and that the viewers report their findings. 36 P.S. § 2731, *originally enacted as* P.L. 551, § 11 (June 13, 1836). If the viewers' report shows that the requested private road "is necessary," then the court shall direct the opening and laying out of the private road. 36 P.S. § 2732, *originally enacted as* P.L. 551, § 12 (June 13, 1836). In laying out a private road, the viewers must consider: (1) the shortest distance for a private road, (2) the best ground for a private road, (3) the road that will cause least injury to the private property being taken, and (4) the location proposed by the petitioners. 36 P.S. § 1785, *originally enacted as* P.L. 551, § 2 (June 13, 1836). The determination of damages sustained by the owner of the property over which the

private road is established, "shall be estimated in the manner provided in the case of a public road." 36 P.S. § 2736, *originally enacted as* P.L. 551, § 16 (June 13, 1836).

A reference to the provisions for determining damages in public road matters, chapter 4 of Title 36 entitled "Public Roads in General," merely provides that the viewers shall "assess the damages and make a report thereof." 36 P.S. § 1881, *originally enacted as* P.L. 164, § 1 (May 14, 1874).[1]

With this background I address appellants' challenges. Appellants first complain that the Board erred in determining that the proposed private road over their property is necessary. Appellants however also correctly note that this court's standard of review of a Board of Viewers' findings is very limited. *See, e.g., Driver v. Temple,* 374 Pa.Super. 389, 394–95, 543 A.2d 134, 137 (1988) *(en banc),* appeal denied, 520 Pa. 607, 553 A.2d 969 (1988); *Application of Little,* 180 Pa.Super. 555, 558, 119 A.2d 587, 588 (1956). It is well established that

> [a]ppellate review of [private road proceedings] ... is solely to ascertain the validity of the court's jurisdiction, the regularity of the proceedings, questions of law, and whether there has been an abuse of discretion. We cannot look beyond the record ... or consider questions of fact.

*Driver,* 374 Pa.Super. at 395, 543 A.2d at 137. Appellants contend the Board and the lower court abused their discretion in both determining the necessity of and the location of the private road over appellants' property.

As noted above, the Board statutorily must consider four separate factors in determining the necessity and location of a requested private road. 36 P.S. § 1785. The findings of fact presented by the Board show that the Board con-

---

1. As noted by one commentator, the rule for measuring damages in public road cases is the difference in fair market value immediately before and immediately after the taking. The rule is "so well established by a long line of cases in Pennsylvania that citations seem unnecessary." P.H. Lewis, *Eminent Domain in Pennsylvania,* printed in Volume 26–29 of Purdon's Pennsylvania Statutes Annotated, at 32 (1958).

sidered each of these factors and did not abuse its discretion in determining the necessity for or the location of the private road in question.

The Board specifically found that appellee currently has access to his property by permissive use of a roadway over appellants' property. It is this unimproved roadway that the Board determined should be the private road granted to appellee. The Board also found that no other access currently exists to appellee's property. Moreover, the Board recognized that the appellants' property is useful farmland, while an alternate location for a private road that was proposed by appellants, is recreational land. It is clear from the Board's final report that the Board considered the differences between the potential locations for a private road and, in its discretion, decided the establishment of a private road where a current roadway already exists would cause the least injury to the surrounding private property.

Appellants emphatically challenged some of the Board's findings of fact. Appellants specifically take exception to the Board's findings that an alternate location for a private road was "overgrown," had returned to its "natural state" and was "swampy." Moreover, appellants asserted that this alternate location would in fact result in a shorter distance of travel to connect to a public road. Finally appellants argued that a taking of their property would severely impact their farmland and efforts to prevent soil erosion, while the above alternate route would be over property used only for recreational purposes.

Even if we accept these assertions as true, appellants still have not presented sufficient evidence to establish that the Board abused its discretion in finding that a private road over appellants' property was necessary. *See Driver v. Temple*, 374 Pa.Super. at 396–98, 543 A.2d at 138 (holding the Board did not abuse its discretion by choosing one of three possible locations for laying out a private road). Therefore, I would affirm the Board's findings simply because appellants have not met the burden required for this court to reverse the Board's findings.

The appellants also argue that the Board erred in its determination of damages that appellee is required to pay prior to the final establishment of the private road. Specifically appellants contend that damages should be determined pursuant to Title 26, the Eminent Domain Code. Moreover, appellants assert that pursuant to the Eminent Domain Code appellee must present expert testimony regarding the damages sustained by the laying out of the private road. *See* 26 Pa.C.S.A. §§ 1–702, 1–705 (1964). According to the appellants, because the Board did not follow proper procedures to determine damages and because appellee did not present expert testimony on the issue of damages, the Board's determination of damages must be reconsidered.

The question whether the Eminent Domain Code is applicable to private road proceedings need not be answered to resolve the issues in this case. Based on the record and the wealth of case law, the evidence shows that the Board failed to follow proper procedures for determining damages in a private road condemnation case.

As noted above, the statutory provisions for laying out a private road state that damages shall be estimated as in public road cases. 36 P.S. § 2736. However, the provisions under Title 36 for laying out a public road simply provide that the viewers are to assess damages and report such a determination. 36 P.S. § 1881. Case law has supplemented this general statutory provision and has developed a consistent and well established procedure for calculating damages in public condemnation cases. The common law procedure for calculating damages in public road cases is to measure the difference between the fair market value of the entire property immediately before and immediately after the taking. *See, e.g., Brown v. Commonwealth*, 399 Pa. 156, 158, 159 A.2d 881, 882 (1960); *Peterson v. Pittsburgh Public Parking Authority*, 383 Pa. 383, 389, 119 A.2d 79, 82 (1956); *Butler Water Co.'s Petition*, 338 Pa. 282, 284, 13 A.2d 72, 73 (1940).[2] Because there is no indication in the

2. The majority notes that the commonwealth court has held that Title 26, the Eminent Domain Code is not applicable to private road cases.

instant case that the Board determined damages by this rule, I would remand this matter for a proper determination of damages.

Finally, the majority notes that appellants asserted the appellee is no longer a party in interest in this matter because he sold his property.[3] Appellants therefore contend that appellee's original petition for a private road should be dismissed. As correctly noted by the majority, appellee has not had the opportunity to respond to appellants' allegations. The majority also writes that if appellee is not the proper party to the petition, "it must be dismissed." Majority Opinion, at 348. However, the majority does not explain whether the entire matter should be dismissed or whether the alleged new owner could be simply substituted for appellee. The issue is one of standing and should be resolved by the trial court in the first instance. *Lanard & Axilbund, Inc. v. Muscara*, 394 Pa.Super. 251, 258-60, 575 A.2d 615, 619 (1990). The better course in my view is to remand and permit the trial court to consider the question.

Majority Opinion, at 306-307 n. 5 (citing *Mattei v. Huray*, 54 Pa. Commw. 561, 564-66, 422 A.2d 899, 901 (1980); *Mandracchia v. Stoney Creek Real Estate*, 133 Pa.Commw. 510, 513 n. 1, 576 A.2d 1181, 1183 n. 1 (1990)). In *Mattei* the commonwealth court specifically considered the issue whether an appellant in a private road case was entitled to a jury determination of necessity of the road. *Mattei*, 54 Pa.Commw. at 562-64, 422 A.2d at 900. The court concluded that the provisions of the Eminent Domain Code addressing appeals from a Board of Viewers' findings "are not applicable *to this case.*" *Id.*, 54 Pa.Commw. at 564-66, 422 A.2d at 901 (emphasis added). In *Mandracchia*, the commonwealth court further explained this conclusion by noting that the Eminent Domain Code was not applicable to private road cases "except by analogy or perhaps, necessity." *Mandracchia*, 133 Pa.Commw. at 513 n. 1, 576 A.2d at 1182 n. 1.

Because the private condemnation statutes do not provide a clear methodology for determining damages, reference to the Eminent Domain Code is not contrary to the above commonwealth court's holdings. Moreover, my research reveals that the determination of damages pursuant to Title 36, the Eminent Domain Code (Title 26), and the common law each involve an application of the "before and after rule."

**3.** This assertion was made by appellants outside of the record in an "Application for Relief" filed four days before oral argument.

I, therefore, would remand for further consideration by the trial court on the questions of damages and standing.