609 A.2d 871

Augustus J. MANDRACCHIA and Carmella
Mandracchia, h/w, Appellants,

v.

STONEY CREEK REAL ESTATE CORP., Appellee.

Commonwealth Court of Pennsylvania.

Argued March 5, 1992.

Decided May 13, 1992.

Reargument Denied July ·20, 1992.

Frederic M. Wentz, for appellants.

Cary L. Flitter, for appellee.

Before DOYLE and SMITH, JJ., and LEDERER, Senior Judge.

DOYLE, Judge.

Augustus J. Mandracchia and Carmella Mandracchia appeal an order of the Court of Common Pleas of Montgomery County which required them to convey in fee simple a strip of land for use as a private road.

The essential facts are as follows: In 1985, Stony Creek Real Estate Corporation (Condemnor) purchased a 2.617 acre parcel of undeveloped land. The Condemnor's property had no access to a public highway because a creek and a Pennsylvania Department of Transportation bridge preclude access to the nearby public highway, the DeKalb Pike. The Mandracchias owned a parcel of land abutting the Condemnor's property which fronted on DeKalb Pike and on which was erected the Penn Square Motel. The Condemnor petitioned the trial court to locate a road over the Mandracchias' property pursuant to Section 11 of the Act of June 13, 1836 (Act), P.L. 551, *as amended,* 36 P.S. § 2731, pertaining to private roads. A jury of view was appointed and, after a hearing and a view of the property, it determined that there was a reasonable necessity for a private road to provide access to the Condemnor's land. The trial court confirmed the findings of the jury of view and the Mandracchias appealed to this Court; we remanded to the trial court to determine the location, width, and distance of the taking.[1] On remand the trial court determined the dimensions

1. *See Mandracchia v. Stoney Creek Real Estate Corp.,* 133 Pa.Commonwealth Ct. 510, 576 A.2d 1181 (1990) *(Mandracchia I).* We also observed there:

   We note under the provisions of 42 Pa.C.S. § 762(a)(6) jurisdiction of appeals from final orders of the court of common pleas in eminent domain cases is vested in the Commonwealth Court. No distinction is drawn between private and public condemnations; however, if there could have been a valid objection to the jurisdiction of the Superior Court [referring to a Superior Court case cited and relied on in *Mandracchia I*] it was waived under the provisions of 42 Pa.C.S. § 704; Pa.R.A.P. § 741.

and location of the roadway and issued an order confirming the finding of the jury of view. The trial court further ordered the Mandracchias to execute a fee simple deed[2] conveying the land for the roadway to the Condemnor. This appeal followed.

The Mandracchias contend that the trial court erred in ordering them to convey a fee simple interest in the property to the Condemnor. They argue that the statute authorizing the condemnation of private roads contemplates only the grant of an easement[3] interest to the party in need of a private road.[4]

▮ The Act authorizing the creation of private roads is in the nature of eminent domain and must be strictly construed. *Little Appeal,* 180 Pa.Superior Ct. 555, 119 A.2d 587 (1956). Section 11 of the Act, 36 P.S. § 2731, reads in pertinent part:

> The several courts of quarter sessions shall, in open court as aforesaid, upon the petition of one or more persons ... for a road from their respective lands or leaseholds to a highway or place of necessary public resort, or to any private way leading to a highway ... direct a view to be had of the place where such road is requested, and a report thereof to be made, in the same manner as is directed by the said act of thirteenth June, one thousand eight hundred and thirty-six.

*Mandracchia I,* 133 Pa.Commonwealth Ct. at 515 n. 2, 576 A.2d at 1183 n. 2.

**2.** A "fee simple" estate is an interest in which the owner is entitled to the entire property, with unconditional power of disposition during his or her life and descending to his or her heirs and legal representatives at death. *Captline v. County of Allegheny,* 74 Pa.Commonwealth Ct. 85, 459 A.2d 1298 (1983) (citing Black's Law Dictionary 742 (4th ed. 1968)).

**3.** An easement is a liberty, privilege, or advantage which one may have in the lands of another. *Burns v. Baumgardner,* 303 Pa.Superior Ct. 85, 449 A.2d 590 (1982).

**4.** The Condemnor argues that this contention is being raised for the first time on appeal and is, thus, waived. We disagree. The Condemnor admits in its brief that the Mandracchias in their "Answer to Stoney Creek's Petition to Confirm the Report and Award" argued that the Condemnor was not entitled to a deed in fee simple for the private road.

■ The precise issue here, the interest a condemnor receives in a private road taken under Section 11 of the Act, is an issue of first impression. While we recognize that the establishment of a private road is not a proceeding under the Eminent Domain Code,[5] it clearly is in the nature of eminent domain. *Little Appeal.* Hence, because a taking to establish a private road is analogous to a taking by eminent domain and in the absence of any controlling law to the contrary, we will apply the law of eminent domain to the issue raised in this appeal.

In *Pennsylvania Game Commission v. Renick,* 21 Pa.Commonwealth Ct. 30, 34, 342 A.2d 824, 827 (1975), we discussed the title acquired by the state when exercising its power of eminent domain; we opined that:

[P]roperty cannot constitutionally be taken by eminent domain except for public use, no more property may be taken than the public use requires—a rule which applies both to the amount of property and the estate or interest to be acquired. Unless the statute expressly provides that a fee simple absolute estate must be taken ... only an easement will be acquired by the condemnor, if that is all it requires.

For the reasons stated above, we will apply the rule articulated in *Renick* to the Act under consideration here.

The Act is silent on the question of the interest a condemnor receives in the land taken for a private road. Because the Act does not specifically provide that a condemnor acquires fee simple title in a private road, a condemnor is entitled only to an easement, if that is all that the condemnor requires. *Id.* In the present case, the jury of view in its July 18, 1989 report determined that, because the Condemnor had no viable highway access, there was a reasonable necessity for a private street to provide access from there to the Condemnor's property. Since easements are commonly utilized for creating private roads, Condemnor plainly does not require fee simple title in the private road to guarantee its right of access to the DeKalb Pike. Further, the Condemnor has not articulated

5. Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§ 1–101 through 1–903.

any other need for the private road which cannot be provided for by an easement. Therefore, we hold that the trial court erred in granting the Condemnor fee simple title in the private road.

Accordingly, the trial court's order is modified to reflect that an easement rather than a fee simple interest, is conveyed and is affirmed in all other respects.

## ORDER

NOW, May 13, 1992, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is hereby modified to reflect that an easement rather than a fee simple interest, is conveyed and is affirmed in all other respects.

SMITH, J., concurs in the result only.